[No. E029653. Fourth Dist., Div. Two. Mar. 15, 2002.]

In re Establishment of PERRIS CITY NEWS as a Newspaper of General Circulation.
GARY LENDENNIE, Petitioner and Respondent, v.
ETHA SABEL, Contestant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts B and C.

**COUNSEL**

Etha Sabel, in pro per., for Contestant and Appellant.

Lisa Grace-Kellogg for Petitioner and Respondent.

## OPINION

**McKINSTER, J.**—The publisher of a newspaper appeals from a judgment declaring one of its competitors to be a newspaper of general circulation. After concluding that we have exclusive appellate jurisdiction over the appeal despite conflicting language in Government Code section 6026, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

The Perris Progress (the Progress) is a newspaper published and distributed in the City of Perris. In 1952, it was adjudged to be a newspaper of general circulation. (Gov. Code, §§ 6000-6078.[1]) Official advertising, notices, and orders may only be published in newspapers of general circulation. (§ 6040.)

The Perris City News (the News) is a competing newspaper that is also located in and distributed within the City of Perris. In March of 2000, the News's publisher, Gary Lendennie, filed a petition pursuant to section 6020 to have the News declared to be a newspaper of general circulation (general-circulation petition). That petition was granted and a judgment to that effect was issued in April of 2000.

In December of 2000, the Progress moved to vacate that judgment on the ground that the general-circulation petition had not been published in a newspaper of general circulation within the City of Perris as required. (§ 6021, subd. (b).) Over the objection of the News, the trial court granted the Progress's motion and vacated the April 2000 judgment in March of 2001.

The News promptly filed another general-circulation petition. Etha Sabel, the publisher of the Progress, opposed that petition. The trial court granted the News's renewed petition in May of 2001. Sabel appeals from that judgment.

### CONTENTIONS

Sabel contends that the trial court's findings that the News satisfied the statutory requirements of a newspaper of general circulation (§ 6008) are not supported by substantial evidence. On our own motion, we raise the foundational issue of whether we have jurisdiction to hear this appeal.

[1]Unless specified otherwise, all further section references are to the Government Code.

ANALYSIS

A. *This Matter Is Within Our Appellate Jurisdiction.*

█ Whenever there is doubt as to whether we have jurisdiction to hear an appeal, we must raise that issue on our own initiative. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126 [32 Cal.Rptr.2d 275, 876 P.2d 1074]; *Porter v. United Services Automobile Assn.* (2001) 90 Cal.App.4th 837, 838 [108 Cal.Rptr.2d 860]; *Harris v. Moore* (1929) 102 Cal.App. 413, 414 [283 P. 76].) █ Here, the doubt is created by section 6026, which provides that "[a]n appeal may be taken *to the supreme court* from any final decision or judgment" concerning a general-circulation petition. (Italics added.)

Although the statutory language has been in place for nearly 80 years (see Stats. 1923, ch. 258, § 2, p. 512), no court has addressed the meaning of the italicized phrase. Does it mean that the Supreme Court has exclusive appellate jurisdiction over appeals from these judgments? Or that the Supreme Court has concurrent appellate jurisdiction along with the Court of Appeal? We need not determine what the Legislature intended, because either interpretation would be unconstitutional.

The jurisdiction of the various levels of appellate courts within California is defined by the California Constitution. The Constitution provides that the Supreme Court has appellate jurisdiction only "when judgment of death has been pronounced" (Cal. Const., art. VI, § 11), when it transfers a case to itself from the Court of Appeal (*id.*, § 12, subd. (a)), or when it reviews a decision of the Court of Appeal (*id.*, § 12, subd. (b)). With those exceptions, "courts of appeal have appellate jurisdiction when superior courts have original jurisdiction . . . ." (*Id.*, § 11, subd. (a).)

General-circulation petitions are matters over which the superior courts have original jurisdiction. (§ 6020.) Therefore, the Court of Appeal has appellate jurisdiction over appeals from judgments resolving those petitions. (Cal. Const., art. VI, § 11, subd. (a).)

Once appellate jurisdiction has been conferred by the Constitution, it cannot be destroyed or abridged by legislative action. (*Powers v. City of Richmond* (1995) 10 Cal.4th 85, 108 [40 Cal.Rptr.2d 839, 893 P.2d 1160].) Any attempt to do so is void. (*In re Sutter-Butte By-Pass Assessment* (1923) 190 Cal. 532, 536 [213 P. 974].) The phrase in section 6026 specifying that appeals of judgments deciding general-circulation petitions can be heard by the Supreme Court instead of or in addition to the Court of Appeal abridges the appellate jurisdiction constitutionally reserved for the Court of Appeal. Accordingly, that phrase is void.

Although the statutory authorization for these appeals to be taken to the Supreme Court is now unconstitutional, it was not always so. When the statutory language was first enacted as former Political Code section 4464 (Stats. 1923, ch. 258, § 2, p. 512), our Constitution divided appellate jurisdiction between the Supreme Court and the Court of Appeal according to the subject matter of the judgment and the amount in controversy. "The supreme court shall have appellate jurisdiction on appeal from the superior courts in all cases in equity, except such as arise in justices' courts; also, in all cases at law which involve the title or possession of real estate, or the legality of any tax, impost, assessment, toll, or municipal fine, or in which the demand, exclusive of interest, or the value of the property in controversy, amounts to two thousand dollars; also, in all such probate matters as may be provided by law; also, on questions of law alone, in all criminal cases where judgment of death has been rendered . . . ." (Cal. Const., art. VI, former § 4, as amended Nov. 5, 1918.)

The appellate jurisdiction of the Court of Appeal, by contrast, was defined to extend to appeals "from the superior courts in all cases at law in which the demand, exclusive of interest, or the value of the property in controversy, amounts to three hundred dollars, and does not amount to two thousand dollars; also, in all cases of forcible and unlawful entry and detainer (except as arise in justices' courts), in proceedings in insolvency, and in actions to prevent or abate a nuisance; in proceedings of mandamus, certiorari and prohibition, usurpation of office, contesting elections and eminent domain, and in such other special proceedings as may be provided by law (*excepting cases in which appellate jurisdiction is given to the supreme court*); also, on questions of law alone, in all criminal cases prosecuted by indictment or information in a court of record, excepting criminal cases where judgment of death has been rendered." (Cal. Const., art. VI, former § 4, as amended Nov. 5, 1918, italics added.).

By specifying in former Political Code section 4464 and in Government Code section 6026 that appeals of judgments on general-circulation petitions were to be taken to the Supreme Court, the Legislature was apparently exercising its former constitutional authority to shift appellate jurisdiction over selected special proceedings from the Court of Appeal to the Supreme Court. But that authority was eliminated in 1966 when the former sections of California Consitution, article VI that defined the respective appellate jurisdiction of the various appellate courts were repealed and replaced with section 11. Since that time, the legislative allocation of appellate jurisdiction in Government Code section 6026 has been invalid, an anachronistic vestige that should have been but was not deleted from the statute years ago. Although we do not have the power to cure that oversight by amending the statute, we can disregard it.

We recognize that, whenever reasonably possible, we must avoid statutory constructions that render particular provisions superfluous or unnecessary. (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 459 [279 Cal.Rptr. 834, 807 P.2d 1063].) That is not possible in this instance, because either interpretation of the phrase "to the supreme court" would be unconstitutional and void. Instead, section 6026 must be read as if that void phrase did not appear.

In summary, the Constitution confers upon the Court of Appeal jurisdiction over appeals from judgments on general-circulation petitions. Therefore, the language in section 6026 that purports to bestow appellate jurisdiction over such matters to the Supreme Court is void. As a result, we have appellate jurisdiction to consider and decide the pending appeal.

B., C.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed. The respondent shall recover his costs on appeal.

Hollenhorst, Acting P. J., and Ward, J., concurred.

---

*See footnote, *ante*, page 1194.