Filed 1/29/15

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MIGUEL ANGEL RIVERA,<br><br>    Defendant and Appellant. | H041742<br>(Monterey County<br> Super. Ct. No. SS131492A) |

On November 4, 2014, the voters enacted Proposition 47, "the Safe Neighborhoods and Schools Act" (hereafter Proposition 47), which went into effect the next day.  (Cal. Const., art. II, § 10, subd. (a).)  In this case, and in the companion case of *People v. Lynall* (2015) __ Cal.App.4th __, we review questions regarding the effect of Proposition 47 on appellate jurisdiction.  Here we determine which court—the Court of Appeal or the appellate division of the superior court—has jurisdiction over an appeal from a case in which the defendant was originally convicted of a felony, but the offense was later (1) designated a misdemeanor under Proposition 47, or (2) the defendant was resentenced as a misdemeanant under Proposition 47.  As part of our analysis, we review the effect of language in Penal Code section 1170.18, subdivision (k)—which was enacted as part of Proposition 47—that "[a]ny felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) [of section 1170.18] shall be considered a misdemeanor for all purposes."

We identified the jurisdictional question on our own motion and asked the parties to address the question in letter briefs limited to that issue. (*In re Perris City News* (2002) 96 Cal.App.4th 1194, 1197 (*Perris*) ["Whenever there is doubt as to whether we have jurisdiction to hear an appeal, we must raise that issue on our own initiative"].) In their letter briefs, both parties argue that this is a felony case for the purpose of appellate jurisdiction and that this court, as opposed to the appellate division of the superior court, has jurisdiction over this appeal. We agree with the parties and hold that nothing in Proposition 47 alters existing rules regarding appellate jurisdiction. Accordingly, if a defendant is charged with at least one felony in an information, an indictment, or in a complaint that has been certified to the superior court under section 859a, as is the case here, it is a felony case and appellate jurisdiction properly lies with this court.

## FACTS

Since we requested briefing on appellate jurisdictional before the record was filed, we do not have any information regarding the facts that led to defendant's conviction.

## PROCEDURAL HISTORY

The superior court clerk had provided us with copies of minute orders for hearings on June 25, 2014, and December 4, 2014. Defendant's appellate counsel attached copies of minute orders for a hearing on October 16, 2014, and the December 4, 2014 hearing to his letter brief. In the absence of a certified appellate record, the Attorney General "join[ed] in appellant's implied request that the Court take judicial notice of the . . . minute orders provided as exhibits by appellant." We grant the parties' requests for judicial notice. On our own motion, we shall also take judicial notice of the June 25, 2014 minute order provided by the superior court clerk. The minute orders reveal the following procedural history.

2

Defendant was charged by information with two felony counts of possessing a controlled substance for sale under two different provisions of the Health and Safety Code (Health & Saf. Code, §§ 11351 (count 1) and 11378 (count 2)).

On June 25, 2014, as part of a negotiated disposition, the prosecution amended the information to add a felony count of possession of a controlled substance (Health & Saf. Code, § 11350) as count 3. Defendant then pleaded no contest to count 3 on the conditions that he receive felony probation and that counts 1 and 2 be dismissed. Defendant was referred to the probation department for a pre-sentence report. A sentencing hearing was scheduled for August 1, 2014, with a notation that counts 1 and 2 were to be dismissed at sentencing.

The documents before us do not include a minute order for the sentencing hearing on August 1, 2014. But we may infer, from the record we do have, that defendant was granted probation with various conditions, but without imposition of sentence, and that counts 1 and 2 were dismissed.

On September 16, 2014, the probation officer filed a "Petition for Revocation/Modification of Probation," alleging violations of three conditions of defendant's probation. On October 16, 2014, defendant—who was in custody—admitted two of the three alleged violations. The allegations regarding the third violation were dismissed and the court referred defendant to the probation department for a supplemental report.

On December 4, 2014, the court imposed a 16-month, lower-term felony sentence on count 3 (the possession of a controlled substance charge) and ordered defendant to serve his sentence in the county jail under section 1170, subdivision (h). The court also imposed a previously suspended probation revocation restitution fine of $300 (§ 1202.44).

In the same proceeding, the court received defendant's petition for resentencing and application to designate his offense a misdemeanor under Penal Code section

3

1170.18. (Further undesignated statutory references are to the Penal Code.) The court granted the application and designated defendant's conviction offense a misdemeanor.[1] The court then recalled defendant's sentence and sentenced him to 149 days in jail. With credit for time served (75 actual days plus 74 conduct credits), the court released defendant from custody. The court also reimposed the probation revocation restitution fine of $300 (§ 1202.44).

On December 10, 2014, defendant filed a notice of appeal on the Judicial Council form for felony appeals, which the superior court clerk transmitted to this court. The following day, before the record was filed and before counsel was appointed, we asked the parties to brief the question "whether this court has jurisdiction to hear an appeal after resentencing pursuant to Proposition 47, or whether such an appeal is properly transferred to the appellate division of the superior court." Our order referred the parties to section 1170.18, subdivision (k) and our decision in *People v. Morales* (2014) 224 Cal.App.4th 1587 (*Morales*). We have received the parties' letter briefs. Both parties contend that this court, not the appellate division of the superior court, has appellate jurisdiction in this case. We agree.

### DISCUSSION

In examining the jurisdictional question presented, we review: (1) pertinent provisions from Proposition 47; (2) constitutional provisions, statutes, and rules that

---

[1] As the Attorney General observes, although the minute order indicates that "Count 1 [was] designated a misdemeanor under . . . [section] 1170.18," by the time of sentencing, the offense charged in count 1 (possession of a controlled substance for sale; Health & Saf. Code, § 11351) had been dismissed. In addition, Health and Safety Code section 11351 (the offense charged in count 1) was not amended by Proposition 47 and, as we shall explain, is not one of the offenses subject to recall and resentencing or designation as a misdemeanor under Proposition 47 and section 1170.18. We therefore agree with the Attorney General that although the minute order refers to "Count 1," the court must have been referring to count 3.

4

govern appellate jurisdiction; and (3) our decision in *Morales*. We also interpret the language of section 1170.18.

***Pertinent Provisions from Proposition 47***

Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors). Proposition 47: (1) added Chapter 33 to the Government Code (section 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 to the Penal Code, and (3) amended Penal Code sections 473, 476a, 496, and 666 and Health and Safety Code sections 11350, 11357, and 11377. (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 4-14, pp. 70-74.)

Relevant here, Proposition 47 amended Health and Safety Code section 11350. Prior to that amendment, possession of the controlled substances designated in subdivision (a) of that section was a felony and possession of the controlled substances designated in subdivision (b) was a wobbler. (Health & Saf. Code, former § 11350, subds. (a), (b).)[2] It is not clear from our limited record whether defendant pleaded no

---

[2] At the time of defendant's offense, Health and Safety Code section 11350 provided in relevant part: "(a) Except as otherwise provided in this division, every person who possesses (1) any controlled substance specified in subdivision (b) or (c), or paragraph (1) of subdivision (f) of Section 11054, specified in paragraph (14), (15), or (20) of subdivision (d) of Section 11054, or specified in subdivision (b) or (c) of Section 11055, or specified in subdivision (h) of Section 11056, or (2) any controlled substance classified in Schedule III, IV, or V which is a narcotic drug, unless upon the written prescription of a physician, dentist, podiatrist, or veterinarian licensed to practice in this state, *shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code*. [¶] (b) Except as otherwise provided in this division, every person who possesses any controlled substance specified in subdivision (e) of Section 11054 *shall be punished by imprisonment in a county jail for not more than one year or pursuant to subdivision (h) of Section 1170 of the Penal Code*." (Italics added.)

5

contest to violation of former subdivision (a) or former subdivision (b) of Health and Safety Code section 11350.  But in any event, the violation was charged as a felony and he pleaded no contest to a felony offense.

As amended by Proposition 47, Health and Safety Code section 11350 now provides that a violation of that section is a misdemeanor, unless the defendant "has one or more prior convictions" for an offense specified in section 667, subdivision (e)(2)(C)(iv)—which lists serious and violent felonies that are sometimes referred to as " 'super strike' offenses"—or for an offense that requires the defendant to register as a sex offender under section 290, subdivision (c).  Such ineligible defendants "may instead be punished pursuant to subdivision (h) of Section 1170 . . . ."  (Section 1170, subdivision (h) sets forth rules for sentencing felony offenders under the Criminal Justice Realignment Act of 2011.)

Proposition 47 also created a new resentencing provision:  section 1170.18.  Under section 1170.18, a person "currently serving" a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47.  (§ 1170.18, subd. (a).)  A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be "resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."  (§ 1170.18, subd. (b).)  Subdivision (c) of section 1170.18 defines the term "unreasonable risk of danger to public safety," and subdivision (b) of the statute lists factors the court must consider in determining "whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.18, subds. (b), (c).)

Section 1170.18 also provides that persons who have completed felony sentences for offenses that would now be misdemeanors under Proposition 47 may file an application with the trial court to have their felony convictions "designated as

6

misdemeanors." (§ 1170.18, subds. (f)-(h).) And subdivision (k) of section 1170.18 provides that "[a]ny felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6." (The "Chapter 2" mentioned in section 1170.18, subdivision (k) refers to sections 29800 to 29875, which contain prohibitions on firearm access by persons with certain criminal convictions.)

### *Constitutional Provisions, Statutes, and Rules Governing Appellate Jurisdiction*

The jurisdiction of California appellate courts is defined first by the California Constitution, then by statute. The California Constitution "provides that the Supreme Court has appellate jurisdiction only 'when judgment of death has been pronounced' . . . , when it transfers a case to itself from the Court of Appeal . . . , or when it reviews a decision of the Court of Appeal . . . ." (*Perris*, *supra*, 96 Cal.App.4th at p. 1197, citing Cal. Const., art. VI, §§ 11, 12, subds. (a), (b).) The Courts of Appeal "have appellate jurisdiction when superior courts have original jurisdiction in causes of a type within the appellate jurisdiction of the courts of appeal on June 30, 1995, and in other causes prescribed by statute." The appellate division of the superior court "has appellate jurisdiction in causes prescribed by statute." (Cal. Const., art. VI, §§ 11, subds. (a), (b).)

In criminal cases, the Courts of Appeal have "appellate jurisdiction over appealable orders from 'felony case[s],' " and "the appellate divisions of the superior courts, by contrast, have appellate jurisdiction over appealable orders from 'misdemeanor case[s].' " (*People v. Nickerson* (2005) 128 Cal.App.4th 33, 36 (*Nickerson*), citing §§ 1235, subd. (a), 1466, and Cal. Const., art. VI, § 11.)

Section 691 defines a "felony case" as "a criminal action in which a *felony is charged* and includes a criminal action in which a misdemeanor or infraction is charged in conjunction with a felony." (§ 691, subd. (f), italics added.) " 'Misdemeanor or infraction case' means a criminal action in which a misdemeanor or infraction is charged and does not include a criminal action in which a felony is charged in conjunction with a misdemeanor or infraction." (§ 691, subd. (g).)

Section 17, subdivision (a) defines the terms "felony" and "misdemeanor." It provides that a "felony is a crime that is punishable with death, by imprisonment in the state prison, or notwithstanding any other provision of law, by imprisonment in a county jail under the provisions of subdivision (h) of Section 1170. Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions."

Section 17, subdivision (b) (hereafter section 17(b)) contains the following relevant language about wobblers: "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, *or* by fine or imprisonment in the county jail, *it is a misdemeanor for all purposes* under the following circumstances: [¶] (1) After a judgment imposing a punishment other than imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170. [¶] [¶] (3) *When the court grants probation to a defendant without imposition of sentence and at the time of granting probation*, or on application of the defendant or probation officer thereafter, *the court declares the offense to be a misdemeanor*." (Italics added.)

As noted earlier, defendant was granted probation without imposition of sentence and the court subsequently declared his offense a misdemeanor. Assuming defendant was charged with violating Health and Safety Code section 11350, former subdivision (b), which was a wobbler at the time of his offense, does section 17(b) make

8

this a misdemeanor case for the purpose of determining which court has appellate jurisdiction? As we shall explain, it does not.

The California Supreme Court, interpreting a prior version of section 17, stated: "[T]he proper interpretation of section 17 as applied to a crime which is punishable either as felony or as misdemeanor [is]: 'the charge stands as a felony for every purpose up to judgment, and if the judgment be felonious in that event it is a felony after as well as before judgment; but if the judgment is for a misdemeanor it is deemed a misdemeanor for all purposes thereafter—the judgment not to have a retroactive effect . . .' [citation]." (*People v. Banks* (1959) 53 Cal.2d 370, 381-382 (*Banks*).)

The Supreme Court recently reiterated this view in *People v. Feyrer* (2010) 48 Cal.4th 426 (*Feyrer*), stating: "When a defendant is convicted (whether by a guilty plea or a no contest plea, or at a trial) of a wobbler offense, . . . his or her offense is '*deemed* a felony' unless subsequently 'reduced to a misdemeanor by the sentencing court' pursuant to section 17, subdivision (b). [Citations.]" (*Id.* at pp. 438-439.) "A grant of probation is *intended* to afford the defendant an opportunity to demonstrate over the prescribed probationary term that his or her conduct has reformed to the degree that punishment for the offense may be mitigated or waived. . . . When a trial court grants probation without imposing a sentence, sections 17 and 1203.4, read together, express the legislative purpose 'that an alternatively punishable offense remains a felony . . . until the statutory rehabilitation procedure has been had . . . .' " (*Id.* at p. 439.) "If ultimately a misdemeanor sentence is imposed, the offense is a misdemeanor from that point on, but not retroactively." (*Ibid.*; see also *People v. Moomey* (2011) 194 Cal.App.4th 850, 857.)

The California Rules of Court also contains relevant definitions. (All further rules citations are to the Rules of Court.) Rule 8.304 provides, in part: "(a) . . . [¶] (1) To appeal from a judgment or an appealable order of the superior court in a felony case . . . the defendant or the People must file a notice of appeal in that superior court. . . . [¶] (2) As used in (1), 'felony case' means any criminal action in which *a felony is charged,*

9

*regardless of the outcome.* A felony is 'charged' when an information or indictment accusing the defendant of a felony is filed or a complaint accusing the defendant of a felony is certified to the superior court under . . . section 859a.[3] A felony case includes an action in which the defendant is charged with: [¶] (A) A felony and a misdemeanor or infraction, but is convicted of only the misdemeanor or infraction; [¶] (B) A felony, but is convicted of only a lesser offense; or [¶] (C) *An offense filed as a felony but punishable as either a felony or a misdemeanor, and the offense is thereafter deemed a misdemeanor under . . . section 17(b).*" (Italics added.)

The Advisory Committee comment to rule 8.304 states, in part: "Rule 8.304(a)(2) makes it clear that a 'felony case' is an action in which *a felony is charged regardless of the outcome* of the action. Thus the question whether to file a notice of appeal under this rule or under the rules governing appeals to the appellate division of the superior court (rule 8.700 et seq.) is answered simply by examining the accusatory pleading:[4] if that

---

**3** Section 859a provides that a magistrate may take a felony plea in a noncapital case and that "[u]pon accepting a plea of guilty or nolo contendere the magistrate shall certify the case . . . to the court in which judgment is to be pronounced . . . and that thereupon the proceedings shall be had as if the defendant had pleaded guilty in that court."

**4** We note that the guidance offered by the Comment—that the question of appellate jurisdiction "is answered simply by examining an accusatory pleading"—may not be correct in all cases. In *Morales*, the defendant argued that "appellate jurisdiction is ascertained by examining how the case was originally charged." (*Morales*, *supra*, 224 Cal.App.4th at p. 1599.) We disagreed in part, stating that under *Nickerson*, *supra*, 128 Cal.App.4th 33, "it is imprecise to say the original charging document controls. In *Nickerson*, although the . . . complaint contained a felony count, the defendant was never held to answer for the felony and the case proceeded past the preliminary hearing stage on the misdemeanor counts only. No felony information or indictment was ever filed; no complaint charging the defendant with a felony was ever certified to the superior court. Thus, even though the original charging document contained a felony, it was a misdemeanor case for the purpose of appellate jurisdiction. Under rule 8.304, once the defendant is held to answer for a felony offense and an information or indictment is filed or a complaint accusing the defendant of a felony is certified to the superior court, the charging document then controls." (*Morales*, at p. 1599.)

10

document charged the defendant with at least one count of felony (as defined in . . . section 17(a)), the Court of Appeal has appellate jurisdiction and the appeal must be taken under this rule even if the prosecution did not result in a punishment of imprisonment in a state prison.  [¶]  It is settled case law that an appeal is taken to the Court of Appeal not only when the defendant is charged with and convicted of a felony, but also when the defendant is charged with both a felony and a misdemeanor (. . . § 691(f)) but is convicted of only the misdemeanor (e.g., *People v. Brown* (1970) 10 Cal.App.3d 169 . . . ); when the defendant is charged with a felony but is convicted of only a lesser offense (. . . § 1159; e.g., *People v. Spreckels* (1954) 125 Cal.App.2d 507 . . . ); and when the defendant is charged with an offense filed as a felony but punishable as either a felony or a misdemeanor, and the offense is thereafter deemed a misdemeanor under . . . section 17(b) (e.g., *People v. Douglas* (1999) 20 Cal.4th 85; *People v. Clark* (1971) 17 Cal.App.3d 890 . . . )."  (Advisory Com. com., 23 pt. 3 West's Ann. Codes, Rules (2006 ed.) foll. rule 8.304, p. 152, italics added & omitted.)

Applying these statutes and rules, we hold that this case is a "felony case" for the purpose of appellate jurisdiction.  Section 691 defines a "felony case" as "a criminal action in which a *felony is charged* and includes a criminal action in which a misdemeanor or infraction is charged in conjunction with a felony."  (Italics added.) Rule 8.304 provides that a felony is 'charged' for the purpose of determining appellate jurisdiction "when an information or indictment accusing the defendant of a felony is filed or a complaint accusing the defendant of a felony is certified to the superior court under . . . section 859a."  Defendant's offense was charged as a felony in an information. But it is unclear from our limited record whether defendant was charged with a straight felony or a wobbler.  *Feyrer* instructs that even if defendant was charged with a wobbler under section 11350, subdivision (b), the offense was deemed a felony and remained a felony until the court decided to impose a misdemeanor sentence.  Thus, when the court granted probation without imposition of sentence, the offense remained a felony.

11

(*Feyrer*, *supra*, 48 Cal.4th at pp. 438-439.)  Since under section 691 and rule 8.304 we look at how the offense was charged to determine appellate jurisdiction, the later designation of the offense as a misdemeanor under Proposition 47 does not apply retroactively to convert this case from a felony case to a misdemeanor case for the purpose of determining which court has jurisdiction over the appeal.  In summary, our review of the governing statutes and rules leads to the conclusion that this is a felony case and that the appeal belongs in this court.

### *People v. Morales*

*Morales* and the cases discussed therein do not change our conclusion.  The defendant in *Morales* was charged by complaint with a single felony count:  possession of methamphetamine (Health & Saf. Code, § 11377), a wobbler.  At the preliminary hearing, the court denied the defendant's motion to suppress certain evidence, held the defendant to answer, and the parties stipulated that the matter could be "certified" to the superior court on the existing complaint.  (*Morales*, *supra*, 224 Cal.App.4th at p. 1592.)  The court struck the word "Complaint" on the accusatory pleading and replaced it with the word "Information."  After the defendant pleaded not guilty to the information, she filed a motion to dismiss the case and renewed her motion to suppress.  (*Id.* at pp. 1592-1593.)  After the court denied both motions, the case was resolved by plea agreement.  Pursuant to the agreement, the prosecution made a motion to amend the information to allege misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377).  The defendant pleaded no contest to that offense and was granted probation.  (*Morales*, at p. 1593.)  The defendant then filed her notice of appeal in the appellate division of the superior court on the Judicial Council form for misdemeanor appeals.  After she filed her opening brief, the appellate division transferred the case to our court.  We asked the parties to brief the question of appellate jurisdiction.  (*Id.* at pp. 1593-1594.)

12

We concluded that *Morales* met the definition of a "felony case" under rule 8.304(a)(2), since a "complaint accusing . . . [the] defendant of a felony [had been] certified to the superior court . . . ." (*Morales*, *supra*, 224 Cal.App.4th at p. 1596.) Although Morales was ultimately convicted of a misdemeanor, her case was a felony case for the purposes of appellate jurisdiction since she was charged with a felony in an accusatory pleading that the parties agreed would serve as the information. (*Ibid.*)

In *Morales*, we distinguished *Nickerson*. The complaint in *Nickerson* alleged a felony and two misdemeanors. After the preliminary hearing, the trial court, *acting as a magistrate*, held the defendant to answer only on the misdemeanors. After a jury convicted the defendant of one of the misdemeanors, the defendant filed a notice of appeal and the superior court directed the appeal to the Court of Appeal. (*Nickerson*, *supra*, 128 Cal.App.4th at p. 36.) "The [*Nickerson*] court held that a defendant is not charged with a felony within the meaning of section 691 until an information or indictment is filed or a complaint is certified to the superior court pursuant to section 859[a]. [Citation.] The court concluded that when the case goes before the magistrate for a preliminary examination and the court as magistrate reduces all of the felony charges from felonies to misdemeanors, the defendant is never charged with a felony. The resulting case is thus a misdemeanor case and appellate jurisdiction belongs in the appellate division of the superior court." (*Morales*, *supra*, 224 Cal.App.4th at pp. 1596-1597, citing *Nickerson*, at p. 38.)

*Morales* also distinguished this court's decision in *People v. Scott* (2013) 221 Cal.App.4th 525 (*Scott*). "Following a preliminary hearing . . . , the defendant [in *Scott*] was held to answer on one felony count. Eight days later, the prosecution filed an information charging the defendant with one felony and three misdemeanors. [Citation.] Under rule 8.304, at that point, the case became a felony case. Four days after that, however, the prosecution moved to dismiss the felony count for insufficiency of the evidence. The court dismissed the felony and the defendant pleaded not guilty to the

three misdemeanors.  [Citation.]  The case was subsequently set for trial in a misdemeanor department.  [Citation.]  On the first day of trial, the prosecution filed a ' "First Amended' misdemeanor complaint" charging the defendant with three misdemeanor offenses.  [Citation.]  The jury found the defendant guilty as charged.  [Citation.]  The defendant filed a ' "Misdemeanor" ' notice of appeal . . . [, which] eventually made its way to this court."  (*Morales*, *supra*, 224 Cal.App.4th at p. 1597, citing *Scott*, *supra*, 221 Cal.App.4th at pp. 527-528, 533.)

The *Scott* court concluded that the appellate division of the superior court had appellate jurisdiction in these circumstances.  (*Scott*, *supra*, 221 Cal.App.4th at pp. 528-529, 534.)  The court observed that the felony count had been dismissed before trial and that the defendant was charged in an amended complaint with only misdemeanors.  The court held that "the 'regardless of the outcome' language in rule 8.304 does not extend to cases wherein the felony count is dismissed entirely, because in this situation there is no 'prosecution.' "  (*Scott*, at p. 532, italics omitted.)  The court reasoned that an amended pleading supersedes the original pleading, and stated that "[t]he superior court recognized that this was a misdemeanor case and set the trial in a misdemeanor department.  Scott's trial counsel recognized that this was a misdemeanor case and filed a misdemeanor notice of appeal . . . ," and other forms used in misdemeanor appeals.  (*Scott*, at p. 533, fn. omitted.)  Having determined that the operative pleading charged the defendant with only misdemeanors, this court held that it was a misdemeanor case and transferred the matter to the appellate division of the superior court.  (*Id*. at p. 534.)

This case, like *Morale*s, is procedurally distinguishable from *Scott*.  Defendant was charged by information with three felonies.  At that point, his case became a felony case for the purpose of appellate jurisdiction.  Unlike *Scott*, there was no motion to dismiss the felony charges, no amended pleading was filed, and there were no proceedings in a misdemeanor department.

14

In *Morales*, the People urged us to follow the " 'regardless of the outcome' " test in rule 8.304, arguing that it provides " 'a workable bright line rule to determine whether appellate jurisdiction rests with the Court of Appeal or the appellate division of the superior court. That bright line would be determined by the filing of an information or indictment or a complaint being certified to the superior court.' " (*Morales*, *supra*, 224 Cal.App.4th at p. 1599.) We agreed that the "regardless of the outcome" bright-line rule governs appellate jurisdiction, except in cases like *Scott*, where the prosecution files an entirely new pleading after dismissing any and all felony counts. (*Ibid.*)

### Section 1170.18

As we have noted, newly enacted section 1170.18 contains a resentencing provision under which a person *currently serving a felony sentence* for an offense that is now a misdemeanor under Proposition 47 may petition for a recall of that sentence and request resentencing in accordance with Proposition 47. (§ 1170.18, subds. (a)-(e).) Section 1170.18 also provides that a person who has *completed a felony sentence* for an offense that would now be a misdemeanor under Proposition 47 may file an application with the trial court "to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subds. (f)-(h).)

As noted earlier, section 1170.18, subdivision (k) provides that "[a]ny felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) *shall be considered a misdemeanor for all purposes*, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction" under sections 29800 to 29875. (Italics added.) The statutory language that such a conviction "*shall be a misdemeanor for all purposes*" does not alter our conclusion regarding appellate jurisdiction.

15

"In interpreting a voter initiative like [Proposition 47], we apply the same principles that govern statutory construction." (*People v. Rizo* (2000) 22 Cal.4th 681, 685.) " 'The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.]' " (*Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276.) In the case of a provision adopted by the voters, "their intent governs." (*People v. Jones* (1993) 5 Cal.4th 1142, 1146.)

"In determining such intent, we begin with the language of the statute itself." (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 192-193.) We look first to the words the voters used, giving them their usual and ordinary meaning. " 'If there is no ambiguity in the language of the statute, "then . . . the plain meaning of the language governs." ' [Citation.] 'But when the statutory language is ambiguous, "the court may examine the context in which the language appears, adopting the construction that best harmonizes the statute internally and with related statutes." ' [Citation.] [¶] In construing a statute, we must also consider ' "the object to be achieved and the evil to be prevented by the legislation." ' [Citation.]" (*Id.* at pp. 192-193.) "When legislation has been judicially construed and a subsequent statute on a similar subject uses identical or substantially similar language, the usual presumption is that the Legislature [or the voters] intended the same construction, unless a contrary intent clearly appears." (*In re Jerry R.* (1994) 29 Cal.App.4th 1432, 1437.)

As defendant notes, the language in subdivision (k) of section 1170.18 that a conviction that is reduced to a misdemeanor under that section "*shall be a misdemeanor for all purposes*" is not significantly different from the language in section 17(b), which provides that after the court exercises its discretion to sentence a wobbler as a misdemeanor, and in the other circumstances specified in section 17(b), "*it is a misdemeanor for all purposes.*" (Italics added.) As we have noted, in construing this language from section 17(b), the California Supreme Court has stated that the reduction of the offense to a misdemeanor does not apply retroactively. (*Feyrer*, *supra*,

16

48 Cal.4th at pp. 438-439; *Banks*, *supra*, 53 Cal.2d at pp. 381-382.) We presume the voters "intended the same construction" for the language in section 1170.18, subdivision (k), "unless a contrary intent clearly appears." (*In re Jerry R.*, *supra*, 29 Cal.App.4th at p. 1437.) Nothing in the text of Proposition 47 or the ballot materials for Proposition 47—including the uncodified portions of the measure, the official title and summary, the analysis by the legislative analyst, or the arguments in favor or against Proposition 47—contains any indication that Proposition 47 or the language of section 1170.18, subdivision (k) was intended to change preexisting rules regarding appellate jurisdiction. (Voter Information Guide, Gen. Elec. (Nov. 4, 2014); *People v. Valencia* (2014) 232 Cal.App.4th 514, 531-533, petn. for review pending; petn. filed Jan. 16, 2015 [detailed analysis of the ballot materials and the purposes of Proposition 47].) We therefore presume that the phrase "shall be a misdemeanor for all purposes" in section 1170.18, subdivision (k) does not apply retroactively.

Even though defendant filed his notice of appeal after the trial court designated his offense a misdemeanor under section 1170.18 and resentenced him as a misdemeanant, for the purpose of determining appellate jurisdiction, we consider the nature of the offense at the time it was charged. That defendant's conviction was ultimately reduced to a misdemeanor after the court granted his application and petition under section 1170.18 does not change the rules we apply to determine appellate jurisdiction. We therefore hold that section 1170.18 does not alter the bright line rule we adopted in *Morales*: if the defendant was charged with at least one felony in an information, an indictment, or in a complaint that has been certified to the superior court under section 859a, it is a felony case and the appeal is properly taken to this court, except in the limited circumstances presented in *Scott*. Since defendant here was charged with a felony in an information, this case is a felony case for the purpose of appellate jurisdiction and the appeal belongs in the Court of Appeal.

17

Nothing in this opinion should be understood as expressing any opinion about the merits of any issues the parties may raise when they file their briefs on appeal.

## DISPOSITION

Appellate jurisdiction properly lies with this court. The appeal will, therefore, proceed on the merits in this court.

_____

Márquez, J.

WE CONCUR:

_____

 Rushing, P. J.

_____

 Premo, J.

 No. H041742
People v. Rivera

Trial Court:                              Monterey County
                                          Superior Court No.:  SS131492A

Trial Judge:                              The Honorable Pamela L. Butler

Attorney for Defendant and Appellant      Jonathan Grossman
Miguel Angel Rivera:                      under appointment by the Court of
                                          Appeal for Appellant

Attorneys for Plaintiff and Respondent    Kamala D. Harris,
The People:                               Attorney General

                                          Catherine A. Rivlin,
                                          Supervising Deputy Attorney General

People v. Rivera
H041742