Filed 4/5/16  P. v. Haynes CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C078761 |
| Plaintiff and Appellant, | (Super. Ct. No. CM040346) |
| v. | |
| PAUL CHRISTOPHER HAYNES, | |
| Defendant and Respondent. | |

In this case, the People appeal from the trial court's order granting defendant Paul Christopher Haynes's resentencing petition (Pen. Code, § 1170.18; unless otherwise set forth, statutory references that follow are to the Penal Code) and reducing his conviction for second degree burglary (§ 459) to shoplifting (§ 459.5).  The People contend defendant's conviction for second degree burglary of a vehicle is not one of the crimes eligible for resentencing.  We agree and reverse.

FACTS AND PROCEEDINGS

Defendant broke into a locked Honda Civic and took two compact disc cases and miscellaneous charging cables.  He pleaded no contest to second degree burglary and was placed on probation.  Probation was reinstated after defendant subsequently admitted violating probation.  When defendant admitted violating probation a second time, the trial

1

court terminated probation and sentenced defendant to eight months in state prison, to run consecutive to a 16-month term for criminal threats (§ 422) in another case.

Defendant filed a petition for resentencing as to his second degree burglary conviction. At the hearing on the petition, the prosecutor asserted that defendant's conviction was not eligible for resentencing. Defense counsel argued that theft from a vehicle totaling $950 or less was now petty theft under section 490.2 and therefore a misdemeanor. The trial court granted the petition stating that unlawful taking or theft of a vehicle (Veh. Code, § 10851) was not subject to resentencing: "But a simple theft from a vehicle, I don't see any distinction between theft from a vehicle and theft from someone's residence."

DISCUSSION

The People contend the trial court erred in granting the petition because burglary of a vehicle is not subject to resentencing pursuant to section 1170.18. We agree.

The passage of Proposition 47 created section 1170.18, which provides for any defendant "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense [to] petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . ." under the statutory framework as amended by the passage of Proposition 47. (§ 1170.18, subd. (a); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, pp. 73-74.)

Proposition 47 added section 490.2 to the Penal Code which says: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property *by theft* where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor. . . ." (Emphasis added.)

2

It would appear the trial court here was under the impression that section 490.2 applies whenever there is a theft, that is, whenever there has been an unlawful taking of money or property, and the value of the property taken is $950 or less, regardless of how that theft was accomplished. Thus the court said: "But a simple theft from a vehicle, I don't see any distinction between theft from a vehicle and theft from somebody's residence." In contrast to the trial court's position, the drafters of Proposition 47 chose to treat burglary differently than theft or grand theft. While a theft of property valued at less than $950 is eligible for reduction to a misdemeanor under section 490.2, convictions for burglary are only eligible for reduction if they qualify under the new crime of "shoplifting." (§ 459.5.)

But, while theft is often the goal in any burglary, burglary from a motor vehicle is not just a theft within the meaning of section 484 defining the acts that constitute a theft. It is a potentially more serious crime requiring as it does an entering into a locked motor vehicle where the criminal's intent is to commit "grand or petit larceny or any felony." (§ 459.)

Under the court's reasoning, given Proposition 47, any unlawful taking of property of a value of $950 or less under any circumstances would amount to no more than a misdemeanor. Proposition 47 did not work so dramatic a change in the criminal law.

As pertinent to this case, Proposition 47 added section 459.5 in the chapter relating to burglaries, which establishes the offense of shoplifting, a misdemeanor, which is defined as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, subd. (a); *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) This crime displaces the crime of burglary for thefts within the $950 amount specified in the statute. (§ 459.5, subd. (a).)

3

Again, defendant was convicted of second degree burglary of a vehicle.  Section 459 states in pertinent part, "Every person who enters any . . . vehicle as defined by the Vehicle Code, when the doors are locked, . . . with intent to commit grand or petit larceny or any felony is guilty of burglary."  Burglary of a vehicle is second degree burglary. (§ 460.)

In order for defendant to be eligible for resentencing pursuant to Proposition 47, his burglary must come within the shoplifting statute.  While defendant's criminal conduct satisfies one element of the shoplifting statute, theft of items worth $950 or less, his conduct does not satisfy the other elements, theft from a commercial establishment during regular business hours.  An automobile is not a commercial establishment and it has no regular business hours.  Since defendant's criminal conduct did not constitute the crime of shoplifting, the orders granting his petition must be reversed.

DISPOSITION

The order granting defendant's petition for resentencing and redesignating his second degree burglary conviction a misdemeanor is reversed, and the trial court is directed to enter an order denying defendant's petition.

      HULL      , Acting P. J.

We concur:

     HOCH     , J.

     RENNER    , J.

4