Filed 10/19/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERNEST GRAYSON,<br><br>    Defendant and Appellant. | 2d Crim. No. B262126<br>(Super. Ct. No. NA099665)<br>(Los Angeles County) |

Ernest Grayson seeks safe haven in the shadow cast by Proposition 47.  (See Pen. Code, § 1170.18.)[1]  He was convicted of seven violations of section 484e, subdivision (d) (section 484e(d)) – unauthorized acquisition or retention of access card account information of another.[2]  He was sentenced to two years in county jail on each count; the terms were ordered to run concurrently.  The trial court denied appellant's post-judgment petition to reduce the offenses to misdemeanors.  (§ 1170.18, subds. (a)-(b).)

---

[1] All statutory references are to the Penal Code.

[2] An access card is "any card, plate, code, account number, or other means of account access that can be used, alone or in conjunction with another access card, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds, other than a transfer originated solely by a paper instrument."  (§ 484d, subd. (2).)

Section 484e(d) defines each of appellant's offenses as "grand theft." Section 490.2, adopted as part of Proposition 47, states that notwithstanding any other provision defining grand theft, the theft of money, labor or property valued at $950 or less shall be considered misdemeanor petty theft. (*Id.*, subd. (a).) But appellant did not take the victims' money, labor or property. He possessed access card account information which posed a threat of identity theft and harm to the victims. Because section 484e(d) does not require that victims actually be defrauded or suffer a monetary loss, we conclude it falls outside the scope of section 490.2. Accordingly, we affirm.

## FACTS

Police officers apprehended appellant while he was driving a stolen vehicle. A search of the backpack found inside the vehicle yielded three access cards and four access account profiles that did not belong to appellant. The account profiles were from hotel files containing the victims' addresses and photocopies of their identification and access cards. No monetary losses were reported.

## DISCUSSION

"On November 4, 2014, the voters enacted Proposition 47, 'the Safe Neighborhoods and Schools Act' . . . , which went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).)" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*Id.*, at p. 1091.)

Proposition 47 added several sections to the Penal Code, including section 490.2. (§ 1170.18, subd. (a).) Section 490.2, subdivision (a) provides that "[n]otwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, or real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be

2

considered petty theft and shall be punished as a misdemeanor," unless the person is otherwise ineligible for misdemeanor sentencing. (See § 1170.18, subds. (a)-(b); Couzens et al., Sentencing Cal. Crimes (The Rutter Group 2015) § 25:3, pp. 25-6 to 25-7 (Couzens).)

Appellant was convicted under section 484e(d), which is one of the statutes defining "theft" in the context of access card offenses. (See §§ 484d-484j.) It states that "[e]very person who acquires or retains possession of access card account information with respect to an access card validly issued to another person, without the cardholder's or issuer's consent, with the intent to use it fraudulently, is guilty of grand theft." (§ 484e(d).) Appellant claims that because the value of the access card account information he possessed was less than $950, his crimes should be reclassified as misdemeanors based upon section 490.2. The People respond that section 484e(d) was not affected by section 490.2 because Proposition 47 was not intended to apply to the identity theft crime covered in section 484e(d). We agree with the People.

In distinguishing between grand and petty theft, section 490.2 focuses on the monetary value of the property taken. It expressly references section 487, which states that, with certain exceptions, grand theft is committed "[w]hen the money, labor, or real or personal property taken is of a value exceeding nine hundred fifty dollars ($950)." (*Id.*, subd. (a).) The exceptions include, inter alia, agricultural products, automobiles and firearms. (*Id.*, subds. (b)-(d).) Under Proposition 47, the taking of these items is no longer considered grand theft based strictly upon their character. (§ 490.2, subd. (a).) The crimes are misdemeanors unless the value of the property taken exceeds $950. (*Ibid.*; Couzens, *supra*, at § 25:4, p. 25-26.)

Although section 490.2 purports to apply to all provisions defining grand theft, it mentions only section 487. Sections 490.2 and 487, subdivision (a) are similar in that they refer specifically to the value of the "money, labor, or real or

personal property" obtained by the theft. In other words, both statutes presume a loss to the victim that can be quantified to assess whether the value of the money, labor or property taken exceeds the $950 threshold. Section 484e(d) does not contemplate such a loss.

The elements of a section 484e(d) offense are (1) the acquisition or retention of the account information of an access card issued to someone else, (2) without the consent of the cardholder or issuer of the card and (3) with the intent to use that information fraudulently. (See CALCRIM No. 1952; *People v. Molina* (2004) 120 Cal.App.4th 507, 512.) It is not necessary "that anyone actually be defrauded or actually suffer a financial, legal, or property loss as a result of the defendant's acts." (CALCRIM No. 1952; see *Molina*, at pp. 511-516.) Section 484e(d) "punishes the theft of an access card [or information] with the intent to use it." (Couzens, *supra*, at § 25:4, p. 25-26.) It does not punish the use of the card to acquire "money, goods, services, or any other thing of value." (§ 484d, subd. (2); see Couzens, *supra*, at § 25:4, p. 25-26 [section 484e(d) does not require "that goods be actually acquired or attempted to be acquired"].)

This distinction is underscored by section 484g,[3] which makes it a *separate* crime for the defendant to actually use the access card or account information to "obtain[] money, goods, services, or anything else of value." Under this statute, if the value of the money, goods, services or anything else of value

---

[3] Section 484g provides: "Every person who, with the intent to defraud, (a) uses, for the purpose of obtaining money, goods, services, or anything else of value, an access card or access card account information that has been altered, obtained, or retained in violation of section 484e or 484f, or an access card which he or she knows is forged, expired, or revoked, or (b) obtains money, goods, services, or anything else of value by representing without the consent of the cardholder that he or she is the holder of an access card and the card has not in fact been issued, is guilty of theft. If the value of all money, goods, services, and other things of value obtained in violation of this section exceeds nine hundred fifty dollars ($950) in any consecutive six-month period, then the same shall constitute grand theft."

obtained by use of the access card or information exceeds $950 in any consecutive six-month period, the defendant is guilty of grand theft. (*Ibid.*) Thus, a defendant who uses access card information to obtain goods valued at more than $950 may be charged with grand theft under both section 484e(d) and section 484g. A defendant who uses the information to obtain goods worth $950 or less is subject to charges of grand theft under section 484e(d) and petty theft under section 484g. (See *People v. Smith* (1998) 64 Cal.App.4th 1458, 1470-1471.)

Appellant maintains that the harm caused by the unauthorized acquisition or retention of access card information is minimal, but the possession of that information with fraudulent intent poses a significant risk of identity theft and financial loss to the victim. By prohibiting the acquisition or retention of that information, section 484e(d) "protect[s] innocent consumers from the injury, expense and inconvenience arising from the fraudulent use of their access card account information." (*People v. Molina*, *supra*, 120 Cal.App.4th at p. 516.) Appellant cites no authority suggesting the electorate intended to value the risk of such injury at $950 or less or to otherwise undercut the "broad protection to innocent consumers" afforded by section 484e(d). (*Molina*, at p. 519.)

In sum, the essence of a section 484e(d) violation is the acquisition or retention of access card information with the intent to use it fraudulently. (See Couzens, *supra*, at § 25:4, p. 25-26.) Section 490.2 does not incorporate the "acquisition" or "retention" language of section 484e(d). Nor does it refer specifically to section 484e(d) or any part of the "'comprehensive statutory scheme which punishes a variety of fraudulent practices involving access cards.'" (*People v. Molina*, *supra*, 120 Cal.App.4th at p. 512; *People v. Butler* (1996) 43 Cal.App.4th 1224, 1232.) We conclude there was no intent to apply section 490.2 to section 484e(d) to reduce the offense to a misdemeanor, and that the trial court properly determined appellant was ineligible for reduction of his sentence.

DISPOSITION

The order denying the petition for recall of sentence is affirmed.

CERTIFIED FOR PUBLICATION.

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

James D. Otto, Judge

Superior Court County of Los Angeles

_____

Mae G. Alberto, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Zee Rodriguez and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.