Filed 12/7/15  P. v. Sirman CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JACK E. SIRMAN,<br><br>    Defendant and Appellant. | 2d Crim. No. B262302<br>(Super. Ct. No. MA030244-01)<br>(Los Angeles County) |

Jack E. Sirman appeals an order denying his petition to reduce and reclassify his two prior convictions for acquiring or retaining possession of access card account information (Pen. Code, § 484e, subd. (d)) (counts 17 and 18) from felonies to misdemeanors under the Safe Neighborhoods and Schools Act (§ 1170.18) (hereafter "Proposition 47").[1]  We conclude, among other things, that the trial court correctly ruled these convictions did not qualify as the type of convictions eligible for reclassification under section 490.2.  We affirm.

### FACTS

In the early evening of November 3, 2004, Los Angeles Sheriff's Deputy Jeff Williams investigated an automobile parked in the desert near Lancaster.  As Williams approached the passenger side of the car, he saw a glass pipe containing residue

---

[1] All statutory references are to the Penal Code unless stated otherwise.

lying on the floorboard near Sirman's feet. Sirman told Williams, "That's my pipe, but I'm not high." Tami Wear, the driver of the vehicle, told Williams that Sirman printed checks at his residence and used them to obtain merchandise. (*People v. Sirman* (July 24, 2006, B184084) [nonpub. opn.].)

After arresting Sirman, sheriff's deputies searched the car and Sirman's room. They found, among other things, "baggies of methamphetamine, counter checks, and identification and credit cards in the names of others." (*People v. Sirman*, *supra*. B184084.) At trial, witnesses identified the credit cards found in the car and Sirman's room. They testified they did not know Sirman. (*Ibid.*)

In 2005, the jury found Sirman guilty of 19 felony counts. They included five counts of forgery (§ 475) (counts 1-5), receiving stolen property (§ 496, subd. (a)) (count 6), possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) (count 7), identity theft (§ 530.5, subd. (a)) (counts 8-9 and 13-16), grand theft (§ 487, subd. (a)) (counts 10-12), theft of access card account information (§ 484e, subd. (d)) (counts 17-18), and theft (§ 484e, subd. (b)) (count 19).

Sirman admitted suffering a prior felony strike conviction and serving two prior prison terms. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d), 667.5, subd. (b); *People v. Sirman*, *supra*, B184084.) The trial court sentenced him to an aggregate state prison term of 21 years 4 months.

In 2014, Sirman filed a petition for resentencing under Proposition 47. After a hearing, the trial court reduced his felony convictions on counts 1, 6, 7, 11 and 19 to misdemeanors under Proposition 47. (§ 1170.18.) The court resentenced Sirman to an aggregate sentence of 18 years 8 months.

The trial court denied his petition to reduce counts 17 and 18 (theft of access card account information) to misdemeanors. It said those crimes (§ 484e, subd. (d)) involve "a grand theft charge," but they fall "outside the scope of Proposition 47."

DISCUSSION

Sirman contends the trial court erred by ruling that his prior felony convictions for acquiring or retaining possession of access card account information

2

(§ 484e, subd. (d)) (counts 17 and 18) were categorically ineligible to be reduced to misdemeanors under Proposition 47. He claims they fall within section 490.2, which permits grand theft felonies to be reclassified as misdemeanors if they do not exceed a $950 limit. We disagree.

This appeal involves statutory interpretation. Therefore, "'[w]e look first to the words of the statute itself, which should be the best indicator of the lawmakers' intent.'" (*People v. Butler* (1996) 43 Cal.App.4th 1224, 1234.) "'If those words are clear and unambiguous, we may not modify them to accomplish a purpose not apparent on the face of the statute or from its legislative history.'" (*Ibid.*)

Proposition 47 was an initiative measure approved by the voters. "The goal in interpreting a statute enacted by voter initiative is to determine and effectuate voter intent." (*People v. Salazar-Merino* (2001) 89 Cal.App.4th 590, 596.)

Proposition 47 reduced certain nonviolent felonies to misdemeanors and established a procedure for defendants to reclassify their convictions as misdemeanors. (§ 1170.18, subds. (a), (b) , (g), (h).) "Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092.)

Section 490.2 was enacted as a result of the voters' approval of Proposition 47. This statute applies to the crimes the Legislature designated as "grand theft" offenses in section 487 and other Penal Code provisions. It makes these grand theft felonies eligible for resentencing provided they do not exceed a specific dollar amount. The statute provides, in relevant part, "Notwithstanding Section 487 *or any other provision of law defining grand theft*, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." (§ 490.2, subd. (a), italics added.)

Section 484e, subdivision (d) provides, "Every person who acquires or retains possession of access card account information with respect to an access card validly issued to another person, without the cardholder's or issuer's consent, with the intent to use it fraudulently, *is guilty of grand theft*." (§ 484e, subd. (d), italics added.)

In *People v. Grayson* (2015) 241 Cal.App.4th 454, 460, we said, "[T]he essence of a section 484e(d) violation is the acquisition or retention of access card information with the intent to use it fraudulently." We held, "Section 490.2 does not incorporate the 'acquisition' or 'retention' language of section 484e(d). Nor does it refer specifically to section 484e(d) or any part of the '"comprehensive statutory scheme which punishes a variety of fraudulent practices involving access cards."'" (*Ibid.*) "We conclude there was no intent to apply section 490.2 to section 484e(d) to reduce the offense to a misdemeanor . . . ." (*Ibid.*) There was no error.

Disposition

The order denying the petition is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

4

Christopher G. Estes, Judge

Superior Court County of Los Angeles

_____

Daniel Milchiker, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Robert M. Snider, Deputy Attorneys General, for Plaintiff and Respondent.