Filed 1/14/16  P. v. Wormley CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061998 |
| v. | (Super.Ct.No. FVA022818) |
| TYRIN JAMEL WORMLEY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal, Collette

Cavalier, and Elizabeth M. Carino, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Tyrin Jamel Wormley appeals from the trial court's denial of his petition for resentencing under the Three Strikes Reform Act of 2012 (three strikes law), added by Proposition 36. Defendant contends that (1) the definition of the phrase "unreasonable risk of danger to public safety" in Penal Code section 1170.18, subdivision (c)[1] contained in the Safe Neighborhoods and Schools Act, added by Proposition 47, applies to resentencing petitions brought under Proposition 36 and (2) this definition applies retroactively to petitions denied before the voters enacted Proposition 47.

We do not address defendant's first contention because we conclude that the definition of dangerousness in Proposition 47 is not retroactive. In other words, even if the definition in Proposition 47 did apply to Proposition 36, defendant is not entitled to relief because his resentencing petition was heard and denied before Proposition 47's passage.[2] Accordingly, we affirm.

---

[1] All further undesignated statutory references are to the Penal Code.

[2] The issue of whether Proposition 47's definition of "unreasonable danger to public safety" applies to Proposition 36 and whether it applies retroactively is currently pending before the California Supreme Court in *People v. Valencia*, review granted February 18, 2015, S223825 and *People v. Chaney*, review granted February 18, 2015, S223676, respectively.

FACTUAL AND PROCEDURAL BACKGROUND

Because the issue on appeal is a legal question of statutory interpretation, we take the facts of defendant's underlying offense from our prior opinion affirming defendant's conviction. (*People v. Wormley* (Feb. 23, 2006, E037991) [nonpub. opn.].) Around 2:30 a.m. on September 22, 2004, a San Bernardino County Sheriff's Department officer observed defendant throw an object on the ground while riding a bicycle without a headlight. The officer detained defendant and discovered he was on active parole supervision. The object defendant had thrown on the ground was a knife concealed in a black nylon "do-rag," tied with a string.

A jury found defendant guilty of carrying a concealed dirk or dagger (§ 12020, subd. (a)(4)) and found true the allegations that defendant suffered two prison priors (§ 667.5, subd. (b)). The trial court sentenced defendant to a term of 25 years to life pursuant to the three strikes law, and a one-year term for each prison prior, for a total of 27 years to life in state prison.

On April 2, 2013, defendant filed a Proposition 36 resentencing petition pursuant to section 1170.126. The trial court considered the petition in hearings on September 16 and 19, 2014. The court heard argument from counsel and reviewed defendant's criminal history, records of defendant's performance while in custody, a psychological report assessing defendant's risk of danger to public safety, and letters of mitigation submitted

by defense counsel.  Based on this evidence, the court concluded that defendant had engaged in an ongoing pattern of criminal conduct from 1995 to 2004, and, while in custody for his most recent offense, had committed multiple sexual offenses against female staff members and multiple batteries.  The court found that defendant posed an unreasonable risk of danger to public safety and denied his petition.

## II

## ANALYSIS

A.  *Background Regarding Propositions 36 and 47*

The voters enacted Proposition 36, or the three strikes law, on November 6, 2012.  (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1285.)  Proposition 36 amended sections 667 and 1170.12 to lessen the sentence that may be imposed in many cases involving nonviolent, nonserious felonies committed after two strikes.  (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.)  Proposition 36 also added a resentencing provision, section 1170.126, "whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender *unless* the court determines that resentencing would pose an *unreasonable risk of danger to public safety*."  (*People v. Yearwood*, *supra*, at p. 168, italics added.)  Section 1170.126 does not define "unreasonable risk of danger to public safety," but it states that in assessing a petitioner's

4

dangerousness, the court may consider: (1) the petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes; (2) the petitioner's disciplinary record and record of rehabilitation while incarcerated; and (3) any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety. (§ 1170.126, subds. (f) & (g).)

Two years after the enactment of Proposition 36, on November 4, 2014, the voters enacted Proposition 47. (Cal. Const., art. II, § 10, subd. (a).) Proposition 47 changed portions of the Penal Code and Health and Safety Code to reduce various drug possession and theft-related offenses from felonies or wobblers to misdemeanors, unless the offenses were committed by certain ineligible offenders. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Proposition 47 also created a new resentencing provision, section 1170.18, under which "a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*People v. Rivera*, *supra*, at p. 1092.)

Similar to the resentencing procedure under Proposition 36, Proposition 47 gives the court discretion to resentence an otherwise eligible petitioner if the court determines that the petitioner poses an "unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).) Unlike Proposition 36, however, Proposition 47 provides a definition of dangerousness: "*As used throughout this Code,* 'unreasonable risk of danger to public safety' means an *unreasonable risk that the petitioner will commit a new violent felony* within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667." (§ 1170.18, subd. (c), italics added.)

B.     *The Definition of Dangerousness in Proposition 47 Does Not Apply Retroactively to Proposition 36 Petitioners*

Proposition 47 was enacted about two months after defendant's September 2014 resentencing hearing. Unless California voters intended the proposition to apply retroactively, the definition of dangerousness in Proposition 47 cannot apply to defendant. Defendant argues that the voters so intended; we disagree.

Criminal statutes are not retroactive, "unless expressly so declared." (§ 3.) As our high court stated in *People v. Brown* (2012) 54 Cal.4th 314 (*Brown*), section 3 codifies " 'the time-honored principle . . . that in the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature . . . must have intended a retroactive application.' " (*Brown*, *supra*, at p. 319.) Furthermore, ambiguities regarding the Legislature's or the voters' intent

6

towards retroactivity should be resolved in favor of a "strong presumption" of prospective application.  (*Id.* at pp. 320, 323-324.)

" 'In interpreting a voter initiative like [Proposition 47], we apply the same principles that govern statutory construction.' "  (*People v. Rivera*, *supra*, 233 Cal.App.4th at p. 1099, original brackets.)  Proposition 47 is silent as to its effective date and does not include any reference to retroactive application of its provisions as they relate to Proposition 36 and the three strikes law.  Similarly, the analysis of Proposition 47 by the legislative analyst, the arguments in favor of Proposition 47, and the arguments against Proposition 47 are silent as to the retroactive application to proceedings under the three strikes law.  (Voter Information Guide, Gen. Elec. (Nov. 4, 2014), text of Prop. 47 & analysis by Legis. Analyst, pp. 34-39.)  There is therefore "no clear and unavoidable implication" of retroactivity that "arises from the relevant extrinsic sources."  (*Brown, supra,* 54 Cal.4th at p. 320.)

In arguing otherwise, defendant relies on the retroactivity principle stated in *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*).  As we explain, the *Estrada* rule is inapplicable to the instant case.

In *Estrada,* our Supreme Court stated that when the Legislature amends a statute so as to "lessen the punishment" for a particular offense, the Legislature has "expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act."  (*Estrada*, *supra*, 63 Cal.2d at

p. 745.)  In the case of such amendments, the "inevitable inference" is that "the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply," including "acts committed before its passage provided the judgment convicting the defendant of the act is not final." (*Ibid.*)  Thus, the *Estrada* rule provides that a statute *lessening punishment* is presumed to apply to all cases not yet reduced to final judgment on the statute's effective date, unless there is a "saving clause" providing for prospective application. (*Id.* at pp. 744-745, 747-748.)

In *Brown*, the court held the *Estrada* rule did not apply to an amendment that increased the rate at which eligible prisoners could earn conduct credit for time spent in local custody. (*Brown*, *supra*, 54 Cal.4th at p. 328.)  In so holding, the court rejected the defendant's argument that retroactivity should "apply more broadly to *any statute* that reduces punishment in *any manner*." (*Id.* at p. 325, italics added.)  Instead, the court concluded the *Estrada* rule applies only to statutes or amendments containing "a legislative mitigation of the *penalty for a particular crime*." (*Brown*, *supra*, at p. 325.)  Applying this rule to the conduct credits amendment at issue, the court concluded that the amendment did not lessen the punishment for an offense, it simply "reward[ed] good behavior in prison." (*Ibid.*)

8

Similarly here, the definition of dangerousness in Proposition 47 does not lessen punishment for a particular crime; rather, it narrows the trial court's assessment of dangerousness. Put another way, Proposition 47's definition of dangerousness "does not represent a judgment about the needs of the criminal law with respect to a particular criminal offense," and thus it does not "support an analogous inference of retroactive intent." (*Brown*, *supra*, 54 Cal.4th at p. 325.) As the court explained in *Brown*, "*Estrada* is . . . properly understood, not as weakening or modifying the default rule of prospective operation codified in section 3, but rather as informing the rule's application in a specific context by articulating the reasonable presumption that a legislative act mitigating the punishment for a particular criminal offense is intended to apply to all nonfinal judgments." (*Id.* at p. 324.)

We therefore conclude that the expansion of the *Estrada* rule to Proposition 47's definition of dangerousness would conflict with section 3's default rule that criminal statutes apply prospectively if there is no express indication to the contrary. The court did not err in failing to apply Proposition 47's definition of dangerousness to defendant's Proposition 36 resentencing petition.

9

III

DISPOSITION

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.