Filed 10/28/15  P. v. King CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>DAVID KING,<br><br>        Defendant and Appellant. | C078775<br><br>(Super. Ct. No. 99F07845) |

Defendant David King appeals from the trial court's order denying his petition to have prior felonies redesignated as misdemeanors and to modify his sentence.  (Pen. Code, § 1170.18.)[1]  Defendant, who represents himself on appeal, contends in a supplemental brief[2] that the trial court should have granted his motion as to prior

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  We grant the Attorney General's motion to strike defendant's opening brief (motion filed June 16, 2015) because the arguments raised in the brief attack defendant's prior conviction and sentence and are not related to the section 1170.18 petition that is the subject of this appeal.

1

convictions for petty theft with a prior (§ 666) and second degree burglary (§ 459) that supported prior prison term enhancements. We affirm.

## BACKGROUND[3]

Defendant was convicted of robbery (§ 211) and burglary (§ 459). (*People v. King* (Nov. 26, 2002, C037815) [nonpub. opn.].) The trial court "found defendant had four prior convictions -- two for first degree burglary (§§ 459, 460) each of which constituted strikes (§ 667, subds. (b)-(i), § 1170.12) and serious prior felony convictions (§ 667, subd. (a)); one for second degree burglary (§§ 459, 460) and one for theft with a prior related theft conviction (§ 666) for which he served separate prison terms (§ 667.5, subd. (b))." (*King*, *supra*, C037815.) Defendant was sentenced to state prison for 25 years to life plus 12 years. (*Ibid.*) We modified his conviction to award extra custody credits and affirmed his conviction as modified. (*Ibid.*)

On January 29, 2015, defendant filed his section 1170.18 petition. The trial court subsequently summarily denied the petition without the appointment of counsel, finding that defendant's current convictions were not subject to modification pursuant to section 1170.18.

## DISCUSSION

Proposition 47 requires "misdemeanors instead of felonies for nonserious, nonviolent crimes . . . unless the defendant has prior convictions for specified violent or serious crimes." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, p. 70.) It also added section 1170.18 to the Penal Code, which provides that a person who is "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence

---

[3] We omit the facts of defendant's crimes as they are unnecessary to resolve this appeal.

before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . ."

Of the convictions that form the basis of defendant's sentence, his current convictions for burglary and robbery, and his prior convictions for first degree burglary, second degree burglary, and petty theft with a prior, only one, petty theft with a prior, was modified by Proposition 47.

Following Proposition 47, the felony petty theft with a prior is limited to a defendant "who is required to register pursuant to the Sex Offender Registration Act, or who has a prior violent or serious felony conviction, as specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667, or has a conviction pursuant to subdivision (d) or (e) of Section 368." (§ 666, subd. (b).) Since defendant is not subject to sex offender registration and does not have a prior conviction that would support a conviction under the new section 666, his petty theft with a prior conviction, if committed now, would constitute simple petty theft, a misdemeanor. (§ 490.)

This is relevant to defendant's current sentence because the prior prison term enhancement applies only to prior felony convictions. (§ 667.5, subd. (b).) While defendant's conviction would now be a misdemeanor, it was a felony when the felony was used to support a prior prison term allegation in 2001. (See former § 666.) Since defendant's conviction and sentence on the allegation are now final, the question here is whether section 1170.18 operates to reduce the prior section 666 conviction to a misdemeanor and thereby remove a necessary element from the prior prison term enhancement.

A very similar situation was confronted by a panel of this court in *People v. Eandi* (2015) 239 Cal.App.4th 801 (*Eandi*). In *Eandi*, a complaint was filed against the defendant charging her with felony failure to appear (§ 1320, subd. (b)) on a charge of felony possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)). (*Eandi*, at p. 803.) The defendant pleaded no contest to the felony failure to appear

3

charge and the drug possession charge was dismissed. (*Ibid*.) However, Proposition 47 had reduced the drug possession offense to a misdemeanor by the time of its dismissal. (*Eandi*, at pp. 803-804.) "[T]he trial court concluded that it should amend the charge of a felony violation of section 1320, subdivision (b) for failure to appear on felony charges to a misdemeanor violation of section 1320, subdivision (a) for failure to appear on misdemeanor charges." (*Eandi*, at p. 804.) It then suspended imposition of sentence and placed defendant on probation. (*Ibid*.) The People appealed; we agreed the court's action was unauthorized and vacated the order of probation. (*Ibid*.)

We found that because the crime of failure to appear is based on the defendant's breach of a promise, "the ultimate disposition of the underlying offense is immaterial. [Citation.]" (*Eandi, supra*, 239 Cal.App.4th at p. 805.) The question therefore was whether Proposition 47 "has a *collateral* retroactive effect such that the pending felony drug possession charge *at the time of the breach of promise of failure to appear* in August 2014 became a misdemeanor as a matter of law retroactively, thereby negating a necessary statutory element of a failure to appear on a felony charge: having been '*charged with . . .* the commission of a felony' [citation]." (*Ibid.*) We concluded that it did not. (*Ibid*.)

This court initially found that "nothing in the express language of the initiative or its ballot materials reflects any intent to provide retroactive *collateral* relief as a matter of law in the absence of a petition in a prosecution for a different offense premised upon a former felony violation of the affected statutes. At the time of defendant's failure to appear in August 2014, there *was* a felony charge pending against defendant for which she had promised to appear. The initiative did not purport to exercise a power to go back in time and alter the felony status of every affected offense in every context. It merely offered the possibility of a reduction in current punishment for a conviction or a redesignation of the status of completed punishment for a conviction *on a petition for a recall of sentence.* [Fn. omitted.] Prior felony *convictions* remain such absent a petition;

4

we do not discern, nor does defendant provide, any cogent reason why a then pending felony charge should transform to a misdemeanor as a matter of law for purposes of its collateral effect on a different offense." (*Eandi, supra*, 239 Cal.App.4th at pp. 805-806.)

Section 1170.18 likewise did not support complete retroactive effect for the change of an offense from a misdemeanor to a felony. Subdivision (k) of this provision states in relevant part: "Any felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes . . . ." This language parallels the provision for reducing "wobbler" felonies to misdemeanors, which states that an offense declared a misdemeanor is "a misdemeanor for all purposes . . . ." (§ 17, subd. (c); *Eandi, supra*, 239 Cal.App.4th at p. 806.) In the context of section 17, reducing an offense from a felony to a misdemeanor was given prospective effect only. (*Eandi*, at p. 806 & fn.7, citing *People v. Moomey* (2011) 194 Cal.App.4th 850, 858.) Likewise, another Court of Appeal gave subdivision (k) prospective effect in determining that jurisdiction over the appeal of a decision granting a section 1170.18 petition was with the Court of Appeal rather than the appellate division of the superior court. (*Eandi*, at p. 806; see *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1094-1095, 1099-1101.) Therefore, the trial court lacked jurisdiction to reduce the felony failure to appear charge to a misdemeanor. (*Eandi*, at p. 806.)

We see no reason to depart from *Eandi*. Although this case involves a different offense, the analysis is the same. The gist of the prior prison term enhancement is additional punishment for recidivists, in particular those who did not change their lawbreaking behavior after incarceration for a felony conviction. The ultimate disposition of the underlying offense of petty theft with a prior is immaterial to the fact that defendant was a recidivist when the prior prison term enhancement was applied to him. Applying *Eandi*'s analysis of the text and intent of Proposition 47, we conclude that

5

section 1170.18 was not available to collaterally attack the prior prison term enhancement based on defendant's conviction for petty theft with a prior.

## DISPOSITION

The judgment (order denying defendant's petition) is affirmed.


          RAYE          , P. J.


We concur:


     NICHOLSON     , J.


     MAURO       , J.