Filed 1/15/16  P. v. Turner CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C079217 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF094367) |
| v. | |
| ANTHONY RICHARDO TURNER, | |
| Defendant and Appellant. | |

In this appeal, defendant Anthony Richardo Turner contends the trial court violated his constitutional right to equal protection by refusing to reduce his conviction for transporting methamphetamine to a misdemeanor under Proposition 47.  Defendant's argument rests on the premise that when the Legislature amended the drug transportation statute (Health & Saf. Code, § 11379) in 2013 to define "transport" to mean "transport for sale," the Legislature did not *change* existing law but only *clarified* it.  Because this premise is wrong, defendant's claim that his constitutional rights were violated has no merit.  We agree, however, that the trial court should have reduced his conviction for

1

possession of methamphetamine to a misdemeanor under Proposition 47. Accordingly, we will reverse that aspect of the trial court's order but otherwise affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts may be stated briefly. "A jury convicted defendant of transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)) and possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). The trial court found that he had three prior strike convictions [citation], one prior drug conviction [citation], and had served seven prior prison terms [citations]. The trial court dismissed two strike priors and sentenced defendant to state prison for 18 years.[1]

"Defendant appealed, and this court affirmed the judgment in an unpublished opinion. (*People v. Turner* (May 17, 2011, C065030) [nonpub. opn.].) . . . This court issued a remittitur to the trial court in July 2011." (*People v. Turner* (April 11, 2012, C069202) [nonpub. opn.] p. 2.)[2]

In two pro. per. filings in December 2014, and then again in a motion filed by his attorney in March 2015, defendant sought to reduce his transportation conviction to simple possession and his possession conviction to a misdemeanor under Proposition 47. In opposition, the People argued that the transportation conviction was not subject to reduction under Proposition 47 and that because defendant's conviction was final, he was not entitled to the benefit of the change in the law that restricted drug transportation convictions to cases in which the transportation was for sale. In reply, defendant argued that because he had filed a petition to "recall" his sentence under Proposition 47

---

[1]     The conviction for possession did not add to defendant's aggregate term of imprisonment because it was stayed, apparently pursuant to Penal Code section 654.

[2]     On our own motion, we take judicial notice of our prior opinion in case No. C069202, from which we have taken the foregoing facts.

(specifically, Pen. Code, § 1170.18), the trial court had to "treat this case for purposes of sentencing as if [he] had not been previously sentenced."

Finding that defendant's judgment was final, the trial court "decline[d] to reduce the [transportation conviction] under the rubric of Prop[osition] 47" and denied defendant's motion. The trial court did not orally address count 2, the possession conviction. The resulting minute order denied defendant's motion to recall his sentence and specifically denied his motion to reduce count 1 to a misdemeanor, but did not address count 2. This timely appeal followed.

DISCUSSION

I

*Relevant Legal Background*

Before we address defendant's argument on appeal, we pause to provide some relevant background.

A

*Health And Safety Code Section 11379*

In *People v. Rogers* (1971) 5 Cal.3d 129, our Supreme Court held that the offense of transportation of marijuana (former Health & Saf. Code, § 11531) did not require "a specific intent to transport contraband for the purpose of sale or distribution, rather than personal use." (*Rogers*, at pp. 132, 134.) As the court explained, "Neither the word 'transport,' the defining terms 'carry,' 'convey,' or 'conceal,' nor [former] section 11531 read in its entirety, suggests that the offense is limited to a particular purpose or purposes. [¶] [N]othing in that section exempts transportation . . . of marijuana for personal use. Had the Legislature sought to restrict the offense of transportation to situations involving sale or distribution, it could easily have so provided." (*Rogers*, at pp. 134-135.)

In 1972, the Legislature repealed former Health and Safety Code section 11531 (Stats. 1972, ch. 1407, § 2, p. 2987) and enacted Health and Safety Code section 11379 (Stats. 1972, ch. 1407, § 3, p. 3022). The new provision applied to various controlled

3

substances (including methamphetamine), rather than to marijuana in particular, but otherwise the language of the new provision "tracks" the language of the old one. (*People v. Eastman* (1993) 13 Cal.App.4th 668, 675, fn. 7.)  Thus, it remained the law in California that the illegal transportation of controlled substances did not require the transportation to be for purposes of sale.  (*Id.* at pp. 674-677.)

This changed in 2013, when the Legislature amended Health and Safety Code section 11379 (effective January 1, 2014) to add subdivision (c), which provides that "[f]or purposes of this section, 'transports' means to transport for sale."  (Stats. 2013, ch. 504, § 2.)   As a result of this amendment, transportation of methamphetamine for personal use no longer violates Health and Safety Code section 11379.

The legislative amendment to Health and Safety Code section 11379 did not include an explicit savings clause prohibiting retroactive application of the amended statutory language, nor is there any other indication of "clear legislative intent" that the amended statutory language is only to be applied prospectively.  (*People v. Rossi* (1976) 18 Cal.3d 295, 299.)  Because the amendment benefits a defendant by eliminating criminal liability for drug transportation in cases involving possession for personal use, it must be applied retroactively to any case in which the judgment was not final when the amendment occurred.  (See *In re Estrada* (1965) 63 Cal.2d 740, 745.)

B

*Proposition 47*

The legislative modification to Health and Safety Code section 11379 was followed by further modifications to the drug laws of the state enacted by the voters through the initiative process in the fall of 2014.  Specifically, "[o]n November 4, 2014, the voters enacted Proposition 47, . . . which went into effect the next day."  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)  "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies

4

or wobblers (crimes that can be punished as either felonies or misdemeanors). Proposition 47 (1) added chapter 33 to the Government Code (§ 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 to the Penal Code, and (3) amended Penal Code sections 473, 476a, 496, and 666 and Health and Safety Code sections 11350, 11357, and 11377." (*Rivera*, at p. 1091.) Proposition 47 did *not* amend Health and Safety Code section 11379, which, as we have noted, had already been amended by legislative action.

Penal Code section 1170.18, which was added by Proposition 47, is "a new resentencing provision . . . . Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor *under Proposition 47*, may petition for a recall of that sentence and request resentencing in accordance with *the statutes that were added or amended by Proposition 47*.[3] (§ 1170.18, subd. (a).) A person who satisfies the criteria in Penal Code section 1170.18 shall have his or her sentence recalled and be 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).)" (*People v. Rivera*, *supra*, 233 Cal.App.4th at p. 1092, italics added.)

Because Penal Code section 1170.18, by its terms, applies only to offenses that were reduced by Proposition 47, and because Health and Safety Code section 11379 was not amended by Proposition 47, it follows that a defendant is not entitled by the terms of

---

**3** Specifically, Proposition 47 provides as follows: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor *under the act that added this section* ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section[s] 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, *as those sections have been amended or added by this act*." (Pen. Code, § 1170.18, subd. (a), italics added.)

5

Penal Code section 1170.18 to have a conviction for transporting methamphetamine reduced under Proposition 47.

## II

*Defendant Was Not Entitled To A Reduction Of His Transportation Conviction*

With the foregoing background in mind, we turn to defendant's argument on appeal. Defendant appears to acknowledge that, by its own terms, Penal Code section 1170.18 does not apply to his conviction for transporting methamphetamine. He contends, however, that "in his transportation conviction he was similarly situated to those defendants (including himself) convicted of a simple possession offense" who *are* entitled to resentencing under Proposition 47. He further contends there is no rational basis for treating him differently for purposes of his transportation conviction than Proposition 47 treats him for purposes of his possession conviction, and therefore it was a violation of equal protection to refuse to reduce his transportation conviction to simple possession under Proposition 47.

Defendant acknowledges that, under *Estrada*, "the retroactivity of a statutory amendment reducing the punishment level for an offense is limited to cases that are not yet final when the amendment takes effect." He also appears to concede that, for purposes of the *Estrada* rule, the judgment in his case was final in 2011, more than two years before the Legislature amended Health and Safety Code section 11379. He argues, however, that "the amendment to section 11379 was a clarification of existing law rather than new law" and therefore "it applied to [him] despite the fact that his conviction was final [when] it took effect." (See *Carter v. California Dept. of Veterans Affairs* (2006) 38 Cal.4th 914, 922 ["[a] statute that merely clarifies, rather than changes, existing law is properly applied to transactions predating its enactment"].) On this basis, he contends the trial court "erred in rejecting [his] argument that [he] was similarly situated [to] those seeking a recall of their sentence under Proposition 47, because section 11379 had been amended in virtually the same manner as section 11377." In other words, he contends

that: (1) notwithstanding our Supreme Court's decision in *Rogers*, it has *always* been the law that Health and Safety Code section 11379 requires transportation for sale, and (2) denying him relief from his transportation conviction under the resentencing provisions of Proposition 47 where the Legislature clarified what the law has always been, while allowing such relief to defendants convicted of only simple possession because of the change in the law affected by Proposition 47, is a denial of equal protection because there is no rational basis for the differential treatment.

It is evident, then, that defendant's entire appeal rests on the proposition that the 2013 legislative amendment to Health and Safety Code section 11379 did not affect a change in the law but instead was only "a clarification of existing law." In support of this proposition, defendant cites a statement in the legislative history by the author of the bill that led to the amendment in which the author stated that the bill " 'would *clarify* the Legislature's intent.' " Defendant contends this statement leaves "no doubt that the Legislature's purpose in enacting [the amendment] was to acknowledge, 43 years after the fact, that *Rogers* was wrongly decided and that the Legislature never intended to criminalize mere transportation of drugs for personal use in the same degree it punished transportation for sale."

Defendant's premise is without merit because, as the People observe, the " 'interpretation of a statute is an exercise of the judicial power the Constitution assigns to the courts' " and "[w]hen [the California Supreme Court] 'finally and definitively' interprets a statute, the Legislature does not have the power to then state that a later amendment merely declared existing law." (*Carter v. California Dept. of Veterans Affairs*, *supra*, 38 Cal.4th at p. 922.) As we have previously explained, in 1971, the California Supreme Court finally and definitively interpreted the language of former Health and Safety Code section 11531 as providing that a specific intent to transport drugs for the purpose of sale was not required to violate that statute. The following year, the Legislature used what defendant himself admits was language "virtually identical to that

7

of [former] section 11531 [in] making it illegal to 'transport' certain controlled substances" in Health and Safety Code section 11379. Accordingly, even assuming for the sake of argument that defendant properly divines from a single statement made by the bill's author that the intent of the entire Legislature that amended Health and Safety Code section 11379 in 2013 was to declare that the statute *always* required transportation for sale, under *Carter* the Legislature did not have the power to make that declaration. Instead, all the Legislature could do was change the law going forward, which it did. Thus, up until the amendment took effect on January 1, 2014, the offense of transporting methamphetamine under Health and Safety Code section 11379 did *not* require transportation for sale. On this basis, defendant's equal protection argument is without merit, and therefore the trial court properly refused to reduce his transportation conviction.

III

*Defendant Was Entitled To A Reduction Of His Possession Conviction*

In a footnote in his brief, defendant notes that in addition to refusing him relief from his transportation conviction, the trial court "failed to enter an order with regard to [his] petition to reduce his possession conviction." He contends the trial court "should be required to enter a reduction of [the possession conviction] to a misdemeanor under Proposition 47."

At the hearing, the prosecutor represented that defendant was "eligible for reduction" in the possession case. And on appeal, the People concede that "[t]o the extent the trial court failed to enter an order reducing [defendant's] felony conviction for simple possession . . . to a misdemeanor under Proposition 47 . . . , this Court may order it reduced by operation of law." Thus, we understand the People to concede that none of the disqualifying factors in Penal Code section 1170.18 apply to defendant and there was no lawful basis for the trial court to fail to recall defendant's sentence as to count 2 and reduce defendant's possession conviction to a misdemeanor (even though that conviction

8

had no impact on defendant's aggregate prison term because it was stayed). Thus, we will reverse this aspect of the trial court's order but otherwise affirm.

DISPOSITION

The trial court's order denying defendant's motion to recall his sentence is reversed in part, and the case is remanded to the trial court with directions to recall defendant's sentence for possession of methamphetamine and resentence defendant to a misdemeanor pursuant to section 11377 of the Health and Safety Code. In all other aspects, the trial court's order is affirmed.

 

 

/s/_____<br>Robie, Acting P. J.

 

We concur:

 

 

/s/_____
Murray, J.

 

 

/s/_____
Duarte, J.

9