Filed 4/27/16  P. v. Cardenas CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>JOSE MANUEL CARDENAS,<br><br>      Defendant and Appellant. | B264592<br><br>(Los Angeles County<br>Super. Ct. No. PA071337) |

APPEAL from an order of the Superior Court of Los Angeles County.  Cynthia L. Ulfig, Judge.  Affirmed.

Law Office of Eduardo Paredes and Eduardo Paredes, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and Stacy S. Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 2011, defendant Jose Manuel Cardenas pled no contest to one count of former Penal Code section 12021, subdivision (a)(1), which made it a felony for persons with prior convictions of certain crimes, or addicted to narcotics, to possess, purchase, receive, or own a firearm.[1] In April 2015, Cardenas filed a petition seeking resentencing under Proposition 47, the Safe Neighborhoods and Schools Act (Pen. Code, § 1170.18; Proposition 47 or the Act). The trial court denied the petition. We affirm.

## FACTS

In September 2011, the People filed a felony complaint charging Cardenas with assault with a firearm (Pen. Code, § 245, subd. (a)(2)), criminal threats (Pen. Code, § 422), and carrying a loaded firearm/prior conviction (Pen. Code, § 12031, subd. (a)(1)). The People subsequently amended the complaint to add a count of Penal Code section 12021, subdivision (a)(1), and one count of Penal Code section 12031, subdivision (a)(2)(B). Cardenas pled guilty to the Penal Code section 12021, subdivision (a)(1) count. He admitted suffering a prior felony conviction in 1988 for a violation of Vehicle Code section 23153, subdivision (a). In April 2015, Cardenas sought resentencing under Proposition 47. The trial court denied the petition. At a hearing on the petition, the court explained the matter was not eligible for resentencing under Proposition 47.

## DISCUSSION

On appeal, Cardenas appears to argue the trial court erred in denying his petition for resentencing because the court disregarded the statute. We find no such error.

"Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors). [To this end,] Proposition 47 (1) added chapter 33 to the Government Code (§ 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 to the Penal Code, and (3) amended Penal Code sections 473, 476a, 496, and 666 and

---

[1] Penal Code section 12021, subdivision (a) has been recodified as Penal Code section 29800, subdivision (a).

Health and Safety Code sections 11350, 11357, and 11377. (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 4-14, pp. 70-74.)" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)

Cardenas was convicted of a violation of former Penal Code section 12021, subdivision (a)(1). Proposition 47 applies to defendants who have been convicted of violations of Health and Safety Code sections 11350, 11357, or 11337 or Penal Code sections 459.5, 473, 476a, 490.2, 496 or 666. (Pen. Code, § 1170.18, subd. (a).) Cardenas's conviction is not within the scope of Proposition 47.

Cardenas's appellate briefing appears to focus on the argument that a violation of former Penal Code section 12021, subdivision (a)(1) is not a serious or violent felony or sex offense requiring registration. (Pen. Code, § 1170.18, subd. (i) [Proposition 47 does not apply to defendants convicted of crimes specified in Pen. Code, §§ 290, subd. (c), 667, subd. (e)(2)(C)(iv)].) Cardenas's argument misses the mark. Proposition 47 only allows for resentencing defendants convicted of the crimes enumerated in the statute. Penal Code section 12021, subdivision (a)(1) (now Penal Code section 29800, subdivision (a)) is not one of those crimes. Thus, the trial court correctly determined Cardenas was not eligible for resentencing under Proposition 47 with respect to the Penal Code section 12021, subdivision (a)(1) conviction. (*People v. Chism* (2014) 58 Cal.4th 1266, 1295, 1307, fns. 12, 13 [we review the trial court ruling, not the court's reasoning, and affirm if correct on any ground].)

## DISPOSITION

The order is affirmed.

BIGELOW, P.J.

We concur:

FLIER, J.                    GRIMES, J.

3