Filed 2/18/16  P. v. Delaflor CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>RAUL DREW DELAFLOR,<br><br>     Defendant and Appellant. | H041906<br>(Monterey County<br>Super. Ct. No. SS142271A) |

## I.     INTRODUCTION

In September of 2014, defendant Raul Drew Delafor pleaded no contest to possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)) as a felony.  In November of 2014, the electorate passed Proposition 47, which reclassified certain felony drug and theft related offenses as misdemeanors, including possession of a controlled substance.  In December of 2014, at his sentencing hearing, defendant requested the trial court designate his offense as a misdemeanor pursuant to Proposition 47, but the trial court declined to do so.  The trial court imposed a felony sentence, then granted defendant's petition to recall his sentence (Pen. Code, § 1170.18, subd. (a)),[1] reclassified his offense as a misdemeanor, suspended imposition of sentence, and placed defendant on informal probation for three years.

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

On appeal, defendant contends that Proposition 47 applied retroactively to his offense and thus that the trial court erred by denying his request to reduce it to a misdemeanor prior to sentencing. Defendant also contends his trial counsel was ineffective for failing to object when the trial court imposed a $300 restitution fine—the minimum fine for a felony case—when it recalled his sentence and imposed a misdemeanor sentence.

For reasons that we will explain, we conclude that the issue of Proposition 47's retroactivity is moot in this case, and that defendant's trial counsel was not ineffective for failing to object to the $300 restitution fine imposed as part of the misdemeanor resentencing process. We will therefore affirm the order placing defendant on informal probation.

## II.    BACKGROUND

On September 3, 2014, an officer saw defendant at a McDonald's restaurant. The officer knew that defendant had an outstanding felony warrant. The officer searched defendant, discovering two hypodermic needles. One needle was empty; the other contained 0.16 grams of heroin.

Defendant's criminal history consisted of juvenile adjudications for being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)) and destruction of evidence (§ 135) and adult convictions of one felony—being a felon or narcotics addict in possession of a firearm (§ 29800, subd. (a)(1))—and one misdemeanor—possession of an unmarked firearm (§ 23920).

On September 4, 2014, the District Attorney filed a complaint alleging that defendant had committed felony possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a); count 1) and misdemeanor possession of a hypodermic needle or syringe (Bus. & Prof. Code, § 4140; count 2). On September 24, 2014, defendant pleaded no contest to count 1, possession of a controlled substance, as a felony.

2

On November 4, 2014, voters enacted Proposition 47, the Safe Neighborhoods and Schools Act. (Prop. 47, as approved by voters, Gen. Elec. (Nov. 4, 2014), effective Nov. 5, 2014.) Proposition 47 reclassified certain felony drug and theft related offenses as misdemeanors. As relevant to this case, one of the offenses reclassified as a misdemeanor was possession of a controlled substance. (Health & Saf. Code, § 11377, subd. (a).) Through Proposition 47, voters also enacted new statutory provisions whereby a person serving a felony sentence for a reclassified offense can petition for a recall of his or her sentence. (§ 1170.18, subd. (a).)

Defendant's sentencing hearing was held on December 3, 2014. At that hearing, defendant's trial counsel argued that Proposition 47 applied "to retroactively reduce" the heroin possession offense to a misdemeanor and thus that "it would be an illegal sentence" to impose felony punishment for that offense. Defendant's trial counsel asked the trial court to designate that offense as a misdemeanor "by operation of law." He indicated that if the trial court declined to do so, he would file a section 1170.18 petition after sentencing.

The trial court found that Proposition 47 was not retroactive and denied defendant's motion to designate his offense as a misdemeanor. The trial court then imposed sentence, denying probation and ordering defendant to serve a three-year jail term. The trial court imposed a $300 restitution fine. (§ 1202.4, subd. (b)(1)). The trial court dismissed count 2 (possession of a hypodermic needle or syringe).

In open court immediately after the trial court imposed sentence, defendant filed a petition to recall his sentence. (See § 1170.18, subd. (a).) The prosecutor agreed that defendant appeared to be eligible for resentencing. The trial court recalled defendant's felony sentence, designated defendant's heroin possession conviction as a misdemeanor, then suspended imposition of sentence and placed defendant on informal probation for three years. The court again imposed a $300 restitution fine.

3

Defendant thereafter filed a notice of appeal, indicating his appeal was based on the sentence or other matters occurring after the plea that do not affect the validity of the plea.

## III. DISCUSSION

Defendant contends that Proposition 47 applied retroactively to his offense and thus that the trial court erred by denying his request to reduce it to a misdemeanor prior to sentencing. Defendant also contends his trial counsel was ineffective for failing to object when the trial court imposed a $300 restitution fine—the minimum fine for a felony case—when it recalled his sentence and imposed a misdemeanor sentence.

### A. *Legal Background: Proposition 47*

As noted above, Proposition 47 was a voter initiative that was enacted on November 4, 2014 and became effective the following day, November 5, 2014.

In section 2 of the initiative, the electorate declared that it was enacting Proposition 47 "to ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs in K–12 schools, victim services, and mental health and drug treatment." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2.)

Section 3 of the initiative specified six items that comprised the "purpose and intent of the people of the State of California" in enacting Proposition 47: "(1) Ensure that people convicted of murder, rape, and child molestation will not benefit from this act. [¶] (2) Create the Safe Neighborhoods and Schools Fund. . . . [¶] (3) Require misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes. [¶] (4) Authorize consideration of resentencing for anyone who is currently serving a sentence for any of the offenses listed herein that are now

4

misdemeanors.  [¶]  (5) Require a thorough review of criminal history and risk assessment of any individuals before resentencing to ensure that they do not pose a risk to public safety.  [¶]  (6) This measure will save significant state corrections dollars on an annual basis. . . .  This measure will increase investments in programs that reduce crime and improve public safety, . . . which will reduce future expenditures for corrections." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3.)

The statutes amended by Proposition 47 include Health and Safety Code section 11350, which specifies the punishment for possession of certain controlled substances.  Health and Safety Code section 11350 now provides in subdivision (a) that "every person who possesses [heroin] . . . shall be punished by imprisonment in a county jail for a period of not more than one year," unless the defendant has certain disqualifying prior convictions.

Proposition 47 also created a new statutory remedy for "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor" had Proposition 47 been in effect at the time of the offense.  (§ 1170.18, subd. (a).)  Such a person "may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing" in accordance with the statutes that were "amended or added by this act."  (*Ibid.*)  If, "[u]pon receiving a petition under subdivision (a)," the trial court finds that the petitioner is eligible for resentencing, "the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . , unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety" (*id.*, subd. (b)), which is defined in section 1170.18, subdivision (c) as "an unreasonable risk that the petitioner will commit" one of the

5

"super strike" offenses listed in section 667, subdivision (e)(2)(C)(iv).[2] (See *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092.) "In exercising its discretion, the court may consider all of the following: [¶] (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes. [¶] (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated. [¶] (3) Any other evidence the court, within its discretion, determines to be relevant . . . ." (§ 1170.18, subd. (b).)

### B.    *Prejudice/Mootness*

We first determine whether a reversal of the orders in this case would have any practical effect. " 'An action that involves only abstract or academic questions of law cannot be maintained. [Citation.] And an action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed.' [Citation.]" (*People v. Herrera* (2006) 136 Cal.App.4th 1191, 1198 (*Herrera*).)

---

[2] The following felonies are listed in section 667, subdivision (e)(2)(C)(iv): "(I) A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code. [¶] (II) Oral copulation with a child who is under 14 years of age, and who is more than 10 years younger than he or she as defined by Section 288a, sodomy with another person who is under 14 years of age and more than 10 years younger than he or she as defined by Section 286, or sexual penetration with another person who is under 14 years of age, and who is more than 10 years younger than he or she, as defined by Section 289. [¶] (III) A lewd or lascivious act involving a child under 14 years of age, in violation of Section 288. [¶] (IV) Any homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive. [¶] (V) Solicitation to commit murder as defined in Section 653f. [¶] (VI) Assault with a machine gun on a peace officer or firefighter, as defined in paragraph (3) of subdivision (d) of Section 245. [¶] (VII) Possession of a weapon of mass destruction, as defined in paragraph (1) of subdivision (a) of Section 11418. [¶] (VIII) Any serious and/or violent felony offense punishable in California by life imprisonment or death."

The Attorney General contends that even if Proposition 47 required defendant's offense to be designated as a misdemeanor prior to sentencing, defendant was not prejudiced by the imposition of an initial felony sentence, because after the trial court granted his recall petition, defendant received the exact misdemeanor sentence he would have received if the trial court had simply imposed a misdemeanor sentence in the first instance.

Defendant asserts that he was prejudiced by the initial felony sentence in two respects: he was ordered to pay a "restitution fine at the minimum felony level" and he is "subject to the life-long gun restriction" provided by section 1170.18, subdivision (k).

### 1. Firearm Possession Restriction

Under subdivision (k) of section 1170.18, "Any felony conviction that is recalled and resentenced under subdivision (b) . . . shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6."

However, prior to the instant case, defendant suffered a felony conviction for being a felon or narcotics addict in possession of a firearm (§ 29800, subd. (a)(1)). Thus, even before his conviction in this case, defendant had a felony conviction that precluded him from possessing a firearm. (See *ibid.*)

### 2. Felony Restitution Fine

When the trial court imposed the initial felony sentence for defendant's conviction, it imposed a $300 restitution fine pursuant to section 1202.4, subdivision (b)(1). After recalling defendant's felony sentence, designating his offense as a misdemeanor, and placing defendant on informal probation, the trial court also imposed a $300 restitution fine. Defendant did not object or request the trial court impose a lower fine.

Under section 1202.4, subdivision (b)(1), the minimum restitution fine for a felony conviction is $300 and the minimum restitution fine for a misdemeanor conviction is $150. Defendant's prejudice argument is based on the assumption that, if the trial court had not imposed an initial felony sentence, it would have imposed the minimum restitution fine for a misdemeanor. The Attorney General points out that the $300 restitution fine was well within the trial court's discretion in a misdemeanor case, since the maximum restitution fine is $1,000. (See § 1202.4, subd. (b)(1).)

On this record, given that the trial court did not expressly state an intent to order the minimum restitution fine under section 1202.4, subdivision (b)(1), defendant has not shown that imposition of the $300 fine for his misdemeanor conviction was a result of the trial court's imposition of an initial felony sentence.

### 3. Conclusion – Prejudice/Mootness

Defendant has not shown that as to him, resolution of the issue presented would have any "practical effect." (*Herrera, supra,* 136 Cal.App.4th at p. 1198.) Thus, we need not address the merits of defendant's claim regarding Proposition 47's retroactivity.

### C. *Ineffective Assistance of Counsel*

Defendant contends his trial counsel was ineffective for failing to object when the trial court imposed the $300 restitution fine when it recalled his sentence and imposed a misdemeanor sentence.

In order to establish that trial counsel was ineffective, defendant must show (1) that counsel's performance was deficient because it was not "the result of reasonable professional judgment" and "outside the wide range of professionally competent assistance" (*Strickland v. Washington* (1984) 466 U.S. 668, 690) and (2) prejudice, that is, a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (*id.* at p. 694).

As noted above, in imposing the $300 restitution fine upon resentencing defendant, the trial court did not expressly state an intent to order the minimum

8

restitution fine under section 1202.4, subdivision (b)(1). Thus, defendant has not shown that an objection by his trial counsel would have resulted in the imposition of a lower fine. Since defendant has not met his burden to show prejudice, we conclude that his trial counsel was not ineffective.

## IV. DISPOSITION

The order placing defendant on informal probation is affirmed.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:


_____
ELIA, ACTING P.J.


_____
MIHARA, J.


*People v. Delaflor*
**H041906**