Filed 8/5/16  P. v. Robbins CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DONAVAN ROBBINS,<br><br>    Defendant and Appellant. | D069077<br><br><br><br>(Super. Ct. No. SCD252366) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert F. O'Neill, Judge.  Affirmed.

Allison H. Ting, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Kelley Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

This case arises from a jury trial in which Donavan Robbins was convicted of eight counts of robbery (Pen. Code,[1] § 211), three counts of attempted robbery (§§ 664, 211), and one count of second degree burglary (§ 459). Robbins admitted a prison prior (§ 667.5, subd. (b)), a serious felony prior (§ 667, subd. (a)(1)), and one strike prior (§ 667, subds. (b)-(i)). Robbins was sentenced to a determinate term of 41 years eight months in prison.

Robbins appeals challenging only the second degree burglary count (count 19). Although the burglary offense was committed in November 2013, Robbins contends the passage of Proposition 47 (the Safe Neighborhoods and Schools Act, § 1170.18) in November 2014 retroactively modified the elements of second degree burglary such that the People were obligated in this case to prove the value of the items taken exceeded $950. From such premise Robbins reasons that since the evidence only shows he obtained a small quantity of alcohol, the People failed to prove the elements of burglary. Thus, Robbins argues he is entitled to a reversal of the burglary count for insufficiency of the evidence.

The People contend that Robbins has forfeited the challenge to the elements of burglary by never raising the issue in the trial court, even though he was sentenced after the effective date of Proposition 47. On the merits the People contend Robbins is not entitled to reversal of his burglary conviction and that he must seek relief by way of a petition under section 1170.18 filed in the trial court.

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

We disagree with Robbins's major premise and conclude his remedy, if any, is to be found in a petition under section 1170.18, filed in the trial court to reduce his burglary conviction to a misdemeanor.  Accordingly, we will affirm the judgment without prejudice to the filing of an appropriate petition.

## STATEMENT OF FACTS

Since Robbins only challenges the burglary count, we will not discuss the facts of the other offenses.

The offense in count 19 took place on November 5, 2013.  On that date, Robbins entered a 7-Eleven store in San Diego.  Once inside the store, Robbins used a stolen debit card to buy a few cans of "Mickey's alcohol."

## DISCUSSION

The foundation of appellant's argument in this case is his contention that the enactment of Proposition 47 in November 2014, which created section 459.5, retroactively modified the elements of second degree burglary to require proof that the value of the items taken, or intended to be taken exceeds $950, when the entry is into a commercial establishment, during regular business hours, with the intent to commit larceny.

As we will discuss, the statutory definition of burglary does not include the value of the actual or intended loss as an element, nor did it in 2013 when the current offense was committed.  Nothing in the language of Proposition 47 identifies a change in the elements of burglary nor does Robbins offer any case law to support the proposition of implied statutory amendment.  Instead, the proposition created a new crime of shoplifting

3

as defined in section 459.5. Offenses which fall within the definition of that statute must prospectively be charged as shoplifting and not burglary. Retrospectively, persons convicted of burglary, who are not otherwise ineligible, and who believe their offense should be reduced to shoplifting, must seek relief by filing a petition in the trial court, and not by reversal of the otherwise valid conviction on appeal.

A. Background

On November 4, 2014, the voters passed Proposition 47, codified as section 1170.18. "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)

Proposition 47 also created a new crime effective November 5, 2014, shoplifting, as set forth in section 459.5 as follows:

> "(a) Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with the intent to commit larceny is burglary. . . . [¶] (b) Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property."

Burglary as defined in 2013 and as defined as of the effective date of Proposition 47 in relevant part is: "Every person who enters any . . . shop, warehouse, store, . . . or

4

other building . . . with intent to commit grand or petit larceny or any felony is guilty of burglary." (§ 459; *People v. Isom* (2015) 240 Cal.App.4th 1146, 1149-1150.)

Nothing in the language of section 1170.18, or the ballot pamphlet for Proposition 47 (Gen. Elec. (Nov. 4, 2014)), includes any reference to modifying the statutory elements of burglary. Rather, section 459.5 is clearly intended to be a new, separate and exclusive crime for those persons who commit offenses as defined in the section.

### B. Application and Remedies

Relying principally on *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), Robbins contends Proposition 47 retroactively amends the statutory elements of burglary, such that we should evaluate the 2013 offense as if it had occurred after November 2014. He argues that *Estrada, supra,* at pages 742 and 748, requires retroactive application of legislative amendments which lessen criminal liability unless there is a saving clause which provides for prospective application.

In *People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-172 (*Yearwood*), the court analyzed a provision of Proposition 36 (§ 1170.126) similar to the provisions of Proposition 47. There the court interpreted the language permitting application for recall and modification of a three strikes sentence as equivalent to a saving clause.

In *People v. Noyan* (2014) 232 Cal.App.4th 657 (*Noyan*), the court referred to *Yearwood, supra,* 213 Cal.App.4th 161, in analyzing Proposition 47's analogous provisions. The court in *Noyan* held that a defendant convicted of a crime which occurred prior to the enactment of Proposition 47 was limited to the remedy of a petition to recall the sentence under section 1170.18. (*Noyan, supra,* at p. 672.) Thus the court

5

found *Estrada, supra,* 63 Cal.2d 740 inapplicable to the legislative scheme adopted in Proposition 47.

We believe the *Noyan* opinion properly interprets section 1170.18 and compels us to reject Robbins's arguments to the contrary.  (*Noyan, supra,* 232 Cal.App.4th 657.)

We recognize Robbins is arguing the evidence was insufficient to support the burglary conviction, based upon his foundational argument that the creation of the shoplifting crime was an implied amendment of section 459.  From that premise he has argued retroactive application of the implied amendment should result in the reversal of his conviction.  Our understanding of section 1170.18 and the remedy it created is that the statutory elements of burglary have not been impliedly amended and that the remedy available to Robbins, if any, is by way of a petition to recall his sentence filed in the trial court.[2]  The evidence was plainly sufficient to prove the burglary offense as charged in 2013.

### C.  Forfeiture

The People contend Robbins has forfeited the issue of pro tanto amendment of the statutory elements of burglary since he never raised the issue in the trial court.  We agree.

Although the burglary offense in this case was committed in 2013, Robbins was not convicted until after the enactment of Proposition 47.  Robbins never presented his current contention to the trial court, even though he was convicted and sentenced after the enactment of the proposition.  The People raised the issue of forfeiture in their

---

[2]    We express no opinion as to the potential merits of a petition to recall the burglary sentence.

6

respondent's brief. Robbins did not respond to the forfeiture argument nor did he raise it in his opening brief.

Robbins had adequate time and opportunity to present his argument for retroactive application of section 459.5 and the ancillary argument of amendment to the burglary statute in the trial court. He did not do so. If the issue was meritorious it could have easily been corrected in the trial court. Ordinarily failure to raise an issue at trial precludes its consideration on appeal. (*People v. Martinez* (2014) 226 Cal.App.4th 1169, 1189; *People v. Gonzales and Soliz* (2011) 52 Cal.4th 254, 332.)

We discuss the merits of the appellant's contentions here out of an abundance of caution. However, we are satisfied that the contention is procedurally barred by reason of forfeiture.

## DISPOSITION

The judgment is affirmed without prejudice to such remedy as Robbins may have by petition to recall his sentence on count 19 under section 1170.18.

HUFFMAN, J.

WE CONCUR:

BENKE, Acting P. J.

HALLER, J.

7